### 35790. FEDERAL DEPOSIT INSURANCE CORPORATION v. WINDLAND COMPANY et al.

MARSHALL, Justice.

Code Ann. § 67-1503 (Ga. L. 1935, p. 381) provides, "When any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of the debt secured by such deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon."

Thus, Code Ann. § 67-1503 purports to allow only the superior court of the county in which the land lies to confirm a foreclosure sale without legal process before a deficiency judgment can be obtained. However, it is firmly established that when a state enacts a statute creating a substantive right, the state can not withdraw enforcement of that right from federal cognizance by limiting enforcement of the right solely to the courts of the state. Railway Co. v. Whittons, Admr., 80 U. S. 270, 286 (1871); Markham v. City of Newport News, 292 F2d 711 (4th Cir. 1961). Thus, it has been specifically held in FDIC v. Honea, 440 FSupp. 1064 (N. D. Ga. 1977) that Code Ann. § 67-1503 can not operate so as to deprive federal courts of jurisdiction to confirm a foreclosure sale in a case which is otherwise subject to federal jurisdiction.

In this case, FDIC, acting as liquidator of the assets of an insolvent national bank, foreclosed on certain real estate in Georgia by exercising a power of sale contained in a security deed which had been executed to the bank.[1]

---

[1] 12 USC § 1819 gives federal district courts original

FDIC reported the foreclosure sale to the U. S. District Court for the Northern District of Georgia, and the federal district court confirmed the sale. FDIC then brought suit for a deficiency judgment in the Superior Court of DeKalb County. In the suit for deficiency judgment, the superior court granted FDIC's motion for summary judgment.[2]

On appeal, the Court of Appeals reversed, holding that even though Code Ann. § 67-1503 can not deprive the federal courts of jurisdiction in a confirmation proceeding, the courts of this state should still refuse to entertain suit for a deficiency judgment if the person instituting the foreclosure proceeding has not reported the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, as provided by the Georgia Code. We reverse.

For the courts of this state to refuse to give effect to confirmations of foreclosure sales in federal court is to effectively deny that the federal court has jurisdiction in such matters. In that the federal court does have jurisdiction, its confirmation order is res judicata between the parties until reversed or set aside. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. *Chilivis v. Dasher,* 236 Ga. 669 (225 SE2d 32) (1976). To refuse to give effect to the federal court's confirmation order is to deny full faith and credit to the federal court judgment. Code Ann. § 1-401. See *Foremost Dairy Products, Inc. v. Sawyer,* 185 Ga. 702, 716-717 (196 SE 436) (1938). As held in FDIC v. Honea, supra, Code Ann. § 67-1503 can not operate so as to deprive the federal courts of jurisdiction in these matters.

*Judgment reversed. All the Justices concur.*

---

jurisdiction over all civil suits to which FDIC is a party. 28 USC § 1348 gives federal district courts original jurisdiction over civil actions to wind up the affairs of any national banking association.

[2]The defendants are the maker and guarantor of the promissory note for which the security deed was executed.

ARGUED JANUARY 22, 1980 — DECIDED FEBRUARY 5, 1980.

*Thomas E. Prior,* for appellant.
*James O. Wilson,* for appellees.