**In the Matter of Jerry DIBBERN and Verna Dibbern, Debtors.**

**Bankruptcy No. BK84–1202.**

United States Bankruptcy Court, D. Nebraska.

April 30, 1986.

Norman H. Wright, Omaha, Neb., for debtors.

Gerald L. Friedrichsen, Omaha, Neb., for creditor.

## MEMORANDUM OPINION RE CLARIFICATION OF ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This matter comes before the Court on a request by the Federal Land Bank to clarify its order entered November 8, 1985, by Journal Entry which sustained a motion for relief filed by the Federal Land Bank. The matter was heard at a status hearing on April 18, 1986. Appearing on behalf of the Federal Land Bank was Gerald Friedrichsen of Fitzgerald & Brown, Omaha, Nebraska. Appearing on behalf of the debtors and debtors-in-possession was Norman Wright of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., of Omaha, Nebraska.

### Issue

The issue seems to be a simple one, but it has not been addressed by other cases or the commentators. The issue is this: if a creditor files a motion with the Bankruptcy Court requesting relief from the automatic stay of 11 U.S.C. § 362 and requesting permission to commence foreclosure of a mortgage, if the Court grants the requested relief, may the creditor not only file a State Court foreclosure proceeding, but also request, within such proceeding, the appointment of a receiver pursuant to State law.

### Decision

■ The relief granted by the Court is limited to the prayer in the motion for relief. Therefore, if the prayer does not request permission to seek the appointment of a receiver, the order granting relief does not permit such action. In this case, that means that the Federal Land Bank's request for the appointment of a receiver was inappropriate and, if it desires authority to request a State Court appointment of a receiver, it must come back to Bankruptcy Court and make a specific request in a new motion for relief from the automatic stay.

### Analysis

When a Chapter 11 bankruptcy petition is filed, as it was in this case, the debtor, as debtor-in-possession, assumes some of the powers of a trustee. 11 U.S.C. § 1107. The trustee has certain avoiding powers under 11 U.S.C. § 544. One such avoiding power is to avoid an unperfected interest in personal property such as rents and profits resulting from the harvesting or sale of the crop.

■ Under Nebraska law a mortgagee does not have a perfected interest in rents and profits unless the mortgage document includes such an interest and a receiver is appointed during a pending foreclosure action in State Court. See *Huston v. Canfield,* 57 Neb. 345, 77 N.W. 763. If, as in this case, no receiver was appointed prior to bankruptcy being filed and no foreclosure action was started prior to bankruptcy being filed, the debtor-in-possession has the avoiding powers of 11 U.S.C. § 544 and the creditor's interest in the crops, rents and profits is subordinate to that of the debtor-in-possession.

■ In this case, no foreclosure action was filed prior to the bankruptcy being filed. In this case the creditor has a mortgage on the land and the mortgage documents recite that it has a right to the appointment of a receiver and a right to the rents and profits. Since the avoiding power of the debtor-in-possession interferes with the creditor's enjoyment of its contrac-

tual right to the rents and profits, the creditor is prohibited from exercising those rights unless the creditor is granted that authority by the Bankruptcy Court. The creditor can be granted those rights if such rights are requested in a motion for relief from stay and the debtor-in-possession has notice that the creditor is attempting to pursue its rights against rents and profits and its right to the appointment of a receiver. With the appropriate language in the motion for relief from stay the debtor is in a position to urge the Bankruptcy Court to limit or modify any order granting the creditor relief from the automatic stay. Without such language in the motion, the debtor is without notice that the creditor is attempting to pursue such rights which may be subordinate to the rights of the debtor-in-possession.

The creditor argues that the request for appointment of a receiver is inherent in a mortgage foreclosure action. It, therefore, argues that if it is granted relief from the automatic stay to pursue a mortgage foreclosure action, it should be considered to have all of the rights under State law to which it is entitled. Those include the right to request the appointment of a receiver in a pending foreclosure action. The Nebraska Statutes make this distinction between mortgage foreclosure and the appointment of a receiver very clear. The foreclosure statutes begin at § 25–2137 Nebraska Revised Statutes. Section 25–2139 of the Nebraska Revised Statutes states:

> "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises to the purchaser thereof."

In other words, unless there is specific language in the petition for foreclosure requesting the additional relief of the appointment of a receiver, no such receiver shall be appointed.

The Nebraska Revised Statutes concerning receivers begin at § 25–1081. The Nebraska Statutes provide several grounds for the appointment of a receiver but such appointment is not automatic even if the language is properly in the petition. The

request for the appointment of a receiver is addressed to the sound, equitable discretion of the Court. See *Cressman v. Bonham*, 129 Neb. 201, 260 N.W. 818.

In summary, the commencement of an action to foreclose a mortgage is different from the commencement of an action to foreclose a mortgage and to request the appointment of a receiver by the State Court Judge. Since there are two different matters to be taken up in one type of action, it is the opinion of this Court that a creditor desiring to do both, that is, to foreclose a mortgage and to have a receiver appointed, must give notice of that intent to the debtor-in-possession and to the Court. Otherwise, the order granting relief would exceed the relief requested in the motion.

Since the motion for relief did not request authority to obtain the appointment of a receiver and the order did not specifically expand upon the specific relief requested, the order for relief entered on November 8, 1985, did not grant the Federal Land Bank authority to request the appointment of a receiver in the State Court mortgage foreclosure proceeding.