In re VIRGINIA HILL PARTNERS I, Debtor.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Movant,

v.

VIRGINIA HILL PARTNERS I, Respondent.

Bankruptcy No. A89–03490.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 29, 1989.

Edward L. Greenblatt, Lipshutz, Greenblatt & King, Atlanta, Ga., for debtor.

Kevin C. Gallagher, Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for movant.

ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court are debtor's motion for sanctions, filed July 21, 1989; debtor's extraordinary motion for court order, filed September 6, 1989; and Bank of America's motion for sanctions, filed September 6, 1989. This is a core proceeding pursuant to 28 U.S.C. § 157(b). After a review of the motions and the accompanying briefs and responsive briefs, the court makes the following findings of fact and conclusions of law:

FACTS

On April 3, 1989, Virginia Hill Partners I ("debtor"), developers and owners of the Virginia Hill Condominiums (the "property"), filed its petition for reorganization under Chapter 11. Bank of America National Trust and Savings Association ("Bank of America"), a secured creditor, filed a motion for relief from the automatic stay on April 7, 1989, requesting "unconditional relief from the automatic stay, so that Lender may enforce its security interests in the Collateral pursuant to the Loan Documents and applicable law." Motion for Relief from Stay at 8 (filed Apr. 7, 1989). On June 2, 1989, the court granted the motion and ordered that:

the automatic stay under 11 U.S.C. § 362 is lifted to allow Bank of America to assert its rights against Debtor's property under applicable law, including, without limitation, the right to foreclose upon

the Debtor's unsold residential condominium units. . . .

Court's Order at 1–2 (filed June 2, 1989).

On June 6, 1989, Bank of America foreclosed and sold the property under a power of sale. On June 13, 1989, the United States Trustee filed a motion to dismiss or to convert the case to chapter 7 inasmuch as the debtor's single asset had been sold and there was no business to reorganize. On June 16, 1989, debtor responded that it did not oppose dismissal of the case without prejudice.

Bank of America filed an application for confirmation of foreclosure sale in the Fulton County Superior Court on July 5, 1989. On July 21, three days before the scheduled hearing on the trustee's motion to dismiss or convert, the debtor filed a plea in abatement in the Fulton County Superior Court and a motion for sanctions in this court contending that Bank of America had willfully violated the automatic stay by filing the application for confirmation of foreclosure sale. On the same date, debtor also filed a supplemental response to the trustee's motion to dismiss or convert withdrawing its earlier assent to dismissal. Bank of America apparently has filed a motion for continuance of the confirmation hearing in Fulton County Superior Court pending the outcome of the motions now before this court. *See* Motion for Continuance and Brief in Support of Motion for Continuance (undated) attached to debtor's Extraordinary Motion for Court Order (filed Sept. 6, 1989). On September 6, 1989, debtor filed an extraordinary motion for court order seeking a determination that Bank of America has violated the automatic stay, but a deferral of a ruling on debtor's requests for sanctions until a later date, if necessary.

## DISCUSSION

In its motion for sanctions, debtor seeks an order holding Bank of America in contempt for its willful violation of the automatic stay; directing Bank of America to cease its attempt to confirm the sale and to dismiss the state court proceeding; awarding damages to debtor, including punitive damages and attorney's fees; and fining Bank of America $500 per day for each day the state court proceedings remain pending after entry of such an order.

Debtor cites 11 U.S.C. § 362(a)(1), (3), (4), (5), and (6) as being applicable in this case. Subsections 362(a)(1) and (6) are of particular significance, providing that a petition in bankruptcy operates as a stay of:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1), (6).

Debtor contends that the order lifting the stay permitted foreclosure but did not permit Bank of America to "proceed for a deficiency judgment against the Debtor, initiate and commence state court confirmation proceedings or otherwise collect or attempt to recover claims against the Debtor." Debtor's Brief at 3 (filed July 21, 1989). Debtor further maintains that the commencement of a confirmation proceeding exceeded the relief granted and was a willful violation of the stay.

Bank of America contends first that the confirmation proceeding is not subject to the automatic stay. It cites *Jonesboro Inv. Trust Ass'n v. Donnelly*, 141 Ga.App. 780, 234 S.E.2d 349 (1977), which held:

The confirmation of the sale here . . . was neither the assertion of a lien against the bankrupt or the bankrupt's property and was not a "proceeding" against the bankrupt as it was not a party to the "proceeding" at the time of the confirmation of the sale. The confir-

mation of the sale in no way violated the automatic stay. . . .

*Id.* at 787, 234 S.E.2d at 353.

■ The Georgia Court of Appeals in *Jonesboro* and other state court decisions [1] have characterized a Georgia confirmation proceeding as summary in nature and not a civil suit. The federal courts, however, are not bound by such characterizations. *Weems v. McCloud,* 619 F.2d 1081, 1087 (5th Cir.1980).[2] The Fifth Circuit in *Weems,* while noting the *Jonesboro* and other state court decisions, held that when a state establishes a judicially enforceable substantive right and remedy, a federal court can adjudicate controversies involving such rights if the federal court otherwise has jurisdiction under the Constitution and federal laws. *Id.* at 1087 (citing *Markham v. City of Newport News,* 292 F.2d 711, 716 (4th Cir.1961)). That court concluded further that a Georgia confirmation proceeding was such a substantive right and that it was a " 'suit of a civil nature at common law or in equity' " sufficient to invoke federal jurisdiction. *Id.* at 1090.

The section 362(a) stay is very broad in scope and applies to almost any type of formal or informal action against the debtor or the debtor's property except for the limited exceptions of section 362(b). 2 *Collier on Bankruptcy* ¶ 362.04 (15th ed. 1989). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296–97 (quoted in *Association of St. Croix Condo. Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 448 (3d Cir.1982)). The automatic stay is intended to prevent creditors from gaining a preference; to forestall depleting the debtor's assets; and to avoid interfering with or disrupting the administration of the estate in the orderly liquidation or rehabilitation of the debtor. *Association of St.*

*Croix Condo. Owners v. St. Croix Hotel Corp.,* 682 F.2d at 448. Courts should be "especially hesitant to validate acts committed during the pendency of the stay." *Albany Partners, LTD. v. Westbrook (In re Albany Partners, LTD.),* 749 F.2d 670, 675 (11th Cir.1984). Based on the breadth of the section 362(a) stay, its underlying congressional policies, and the reasoning of *Weems,* this court concludes that a Georgia confirmation proceeding is an action in the nature of a "civil suit" such that the section 362(a) automatic stay applies.

Bank of America also contends that the stay does not apply because the confirmation hearing occurred postpetition. The court does not agree. Section 362(a)(1) applies to an action that "was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case. . . ." 11 U.S.C. § 362(a)(1). Because Bank of America's claim and contract rights arose before the filing of the petition, the court finds and concludes that this is an action to which the section 362(a)(1) automatic stay applies.

Bank of America contends further, that even if the confirmation proceeding is subject to the automatic stay, the order granting relief from the stay authorized such action as necessarily incident to, and the final act of, foreclosure under a power of sale. The cases interpreting the Georgia confirmation proceedings do not support this contention.

■ Georgia law provides that when a nonjudicial foreclosure sale brings less than the amount of the secured debt, the foreclosing secured creditor must obtain a judicial confirmation of the sale as a condition precedent to obtaining a deficiency judgment. O.C.G.A. § 44–14–161. Failure to obtain the confirmation precludes a later deficiency judgment. *Walton Motor Sales,*

---

1. *See Dockery v. Parks,* 224 Ga. 369, 162 S.E.2d 332 (1968); *Wammock v. Smith,* 143 Ga.App. 186, 237 S.E.2d 668 (1977); *Wall v. Federal Land Bank of Columbia,* 240 Ga. 236, 240 S.E.2d 76 (1977); *Lewis v. First Nat'l Bank of Atlanta,* 141 Ga.App. 338, 233 S.E.2d 465 (1977).

2. Fifth Circuit decisions prior to October 1, 1981 are binding precedent on courts of the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

*Inc. v. Ross*, 736 F.2d 1449, 1455 (11th Cir.1984); *First Fed. Sav. & Loan Ass'n v. Fisher*, 422 F.Supp. 1, 3 (N.D.Ga.1976). The court may set the sale aside if it is shown that the sale did not bring its true market value. *See* O.C.G.A. § 44–14–161; G. Pindar, 2 *Georgia Real Estate Law and Procedure* § 21–86 (3d ed. 1986). In its discretion, the court may order a resale of the property. Resale is not required. It is merely a further remedy under Georgia law where confirmation has been denied. *United States v. Golf Club Co.*, 435 F.2d 9, 10 (5th Cir.1970); *Weems v. McCloud*, 619 F.2d at 1087. Failure to obtain confirmation extinguishes the obligation and precludes the ability to obtain deficiency relief against the debtor, sureties, or guarantors.[3] *Redman Indus., Inc. v. Tower Properties, Inc.*, 517 F.Supp. 144, 150 (N.D. Ga.1981); *Ricks v. United States*, 434 F.Supp. 1262, 1265 (S.D.Ga.1976); *see also* O.C.G.A. § 10–7–2. Therefore, failure to obtain confirmation operates as a limitation on the creditor's remedies. *Calvert Fire Ins. Co. v. Environs Dev. Corp.*, 601 F.2d 851, 854 (5th Cir.1979).

The Georgia confirmation proceeding is designed to protect a debtor from a deficiency judgment when the nonjudicial foreclosure sale brings less than the property's fair market value. *United States v. Golf Club Co.*, 435 F.2d at 10. It is a prerequisite to obtaining a deficiency judgment. *Walton Motor Sales, Inc. v. Ross*, 736 F.2d at 1455. From the case law it is clear that a foreclosure can be completed even when confirmation is denied without a resale of the property. Judicial confirmation, therefore, is not a necessary requisite to, nor incident of, foreclosure as Bank of America alleges. It is, in fact, an action or proceeding in the nature of a civil suit to obtain a judicial determination of legal rights or remedies to enable the creditor to pursue recovery or collection of a claim for a deficiency against the debtor. Thus, it is an action or proceeding as contemplated by 11 U.S.C. § 362(a).

Under section 362(d) the court is authorized to grant relief from the stay for cause. The court can terminate, annul, modify, or condition the stay. 11 U.S.C. § 362(d). Congress has given the court considerable flexibility to fashion relief to protect the interests of both the moving party, the debtor, and the debtor's estate. When this court lifts the stay, it simply removes the bankruptcy restraints prohibiting a claimant's exercise of contractual or nonbankruptcy rights or remedies within the purview of the matter for which stay relief is granted. *In re Ridgemont Apt. Assocs.*, 105 B.R. 738, 741 (Bankr.N.D.Ga. 1989); *In re Dibbern*, 61 B.R. 730, 731 (Bankr.D.Neb.1986).

Ordinarily, stay relief to permit foreclosure, without more, carries no presumption that foreclosure confirmation proceedings or actions for a deficiency are also authorized. To the contrary, unless the stay relief order clearly provides otherwise, the determination and allowance of claims, deficiency or otherwise, against the debtor or its estate in the pending bankruptcy case remain within the exclusive jurisdiction of the bankruptcy court. Absent such relief, if the moving party desires confirmation of the foreclosure and allowance of a deficiency claim, it must be initiated in this court. *See Weems*, 619 F.2d at 1085; *Federal Dep. Ins. Corp. v. M.C. Honea, Jr., Inc.*, 440 F.Supp. 1064 (N.D.Ga.1977); *Federal Dep. Ins. Corp. v. Windland Co.*, 245 Ga. 194, 264 S.E.2d 11 (1980). In the alternative, the moving party would be required to seek further relief from the automatic stay before commencing a confirmation of the foreclosure sale in the state court.

To determine the issue in the present case, the court looks first to the language of the June 2, 1989 order. That order permits Bank of America to assert its "rights against Debtor's property under applicable law, including, without limitation, the right to foreclose upon the Debtor's [property]." Even Bank of America's

---

**3.** The court notes that certain of the general partners signed personal guarantees of the construction loan involved in this case. *See* Exhibit C, Motion for Relief from Stay and Adequate Protection (filed Apr. 7, 1989). If Bank of America does not confirm the sale, it cannot bring a deficiency action against these guarantors.

88

motion is couched in language of "unconditional relief from the automatic stay, so that Lender may enforce its security interests in the Collateral." The court cannot agree with Bank of America that the language of the subject stay relief order is sufficiently broad to authorize the state court confirmation proceeding. After careful review of the circumstances, the previous order of this court, and the case law interpreting and applying the Georgia law, the court finds and concludes that Bank of America has technically violated the section 362 automatic stay.

Further, the court is persuaded that when Georgia case law, as annunciated in *Jonesboro* and other cases, is considered together with the "without limitation" language of the stay relief order there was sufficient ambiguity that this claimant might reasonably have concluded that it was authorized to proceed with the confirmation proceeding. This is particularly true when, as here, claims against third party comakers, guarantors, endorsers, or the like are involved. There is no codebtor stay in Chapter 7 or 11 cases. *See In re Larmar Estates, Inc.*, 5 B.R. 328, 330–31 (Bankr.E.D.N.Y.1980). Absent such a provision, it seems apparent Congress did not intend, and this court should not permit, the bankruptcy process to frustrate legitimate creditor claims against third parties not before the court. As to the debtor, however, such protections must be carefully guarded to effectuate the policy choices of the Bankruptcy Code. The court concludes, therefore, that Bank of America did not willfully violate the automatic stay. Since the actions taken were not willful in nature, the court will deny debtor's motion for sanctions.

Bank of America seeks sanctions against debtor's counsel under Bankruptcy Rule 9011 and 28 U.S.C. § 1927, contending that debtor's withdrawal of its assent to the United States Trustee's motion to dismiss was in bad faith, to avoid rendering its arguments moot, for the purpose of protecting debtor's general partners, as guarantors, from future deficiency actions, and for purposes of harassment and delay. Specifically, movant contends that debtor's counsel has failed in his duty of "reasonable inquiry" under Bankruptcy Rule 9011 by ignoring and failing to cite the *Jonesboro* case. As previously noted, when the language of the stay relief order is considered in light of the Georgia case law there is sufficient uncertainty that reasonable minds could differ on their interpretations. In the present case, the court finds that debtor's attorneys' actions and contentions do not violate the standard of Rule 9011. Thus, the court will deny Bank of America's motion for sanctions. Accordingly, it is

ORDERED that the action by Bank of America to judicially confirm the foreclosure sale is hereby permanently STAYED as to this debtor, and that Bank of America may not proceed with its foreclosure confirmation proceeding in the state courts as to this debtor without first obtaining appropriate stay relief from this court, and it is

FURTHER ORDERED that debtor's motions for sanctions against Bank of America are hereby DENIED, and it is

FURTHER ORDERED that Bank of America's motion for sanctions against debtor's counsel is DENIED.

IT IS SO ORDERED.