**In the Matter of The RUSSELL CORPORATION, Debtor.**

**RESOLUTION TRUST CORPORATION, as Conservator for First American Savings Bank, F.S.B., Movant,**

v.

**The RUSSELL CORPORATION, Respondent,**

**Barron J. Russell and Nancy H. Russell, Intervenors.**

**Bankruptcy No. A90–02881–ADK.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 29, 1993.

Annette Kerlin McBrayer, Aiken & Ward, Atlanta, GA, for movant.

Michael S. Haber, Smith, Gambrell & Russell, Atlanta, GA, for debtor-respondent.

Skip M. Klauber, Dearing & Klauber, P.C., Atlanta, GA, for intervenors.

Robert E. Brizendine, Scroggins & Brizendine, Atlanta, GA, for Trustee.

## MEMORANDUM OF OPINION

A. DAVID KAHN, Chief Judge.

The above-styled Chapter 11 bankruptcy case is before the Court on a Motion for Relief From the Automatic Stay filed by Resolution Trust Corporation, as Conservator for First American Savings Bank, F.S.B. ("Movant") in which it seeks the entry of an order granting relief from the automatic stay *nunc pro tunc*. Barron J. and Nancy H. Russell ("Intervenors") filed a Motion to Intervene in Movant's Motion. A hearing on these matters was held on May 20, 1993, after which the Court took the matters under advisement and directed the Parties to file briefs addressing the legal issues arising therein. The Court finds these matters to be core proceedings within the meaning of 28 U.S.C. § 157(b)(2). After considering argument of counsel, the Court now makes the following findings of fact and conclusions of law.

The following facts are not in dispute. On March 2, 1990, the Russell Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. At the time the petition was filed, First American Savings Bank, F.S.B. ("First American"), predecessor of Movant, held a first priority security interest in certain property owned by the Debtor located at Peachtree Industrial Boulevard and North Berkley Road in Gwinnett County, Georgia (the "Property"). On July 10, 1990, First American moved for relief from the automatic stay. A consent order (the "Consent Order") was entered on August 7, 1990 which, *inter alia*, required strict compliance on the Debtor's obligation to make payments to First American under the Consent Order.

The Debtor subsequently defaulted under the Consent Order, and, on March 10, 1992, an Order was entered granting to First American relief from the automatic stay (the "Relief From Stay Order"). The Relief From Stay Order provided, *inter alia*, that

> First American Savings is granted relief from the automatic stay with respect to the property securing its claim, said property being described in the Motion, to advertise, foreclose upon and to exercise all other remedies with respect to said property to which it is entitled under applicable law.

Relief From Stay Order at 2. A Chapter 11 trustee (the "Trustee") was appointed for the Debtor on October 26, 1992.

On December 1, 1992, Movant foreclosed on the Property. The Resolution Trust Company was the highest and best bidder at the foreclosure sale. Movant then filed an application for confirmation of the foreclosure sale in the Superior Court of Gwinnett County, Georgia (the "Confirmation Action") naming as respondents in that action the Debtor and Intervenors, as guarantors of the debt. A Plea in Abatement was filed in the Confirmation Action. It is unclear from the record before the Court which of the respondents in the Confirmation Action actually filed the Plea in Abatement.[1] The Superior Court subsequently

---

1. In their brief, Respondents state that they filed the Plea in Abatement. Respondents' Brief at 4. However, Movant states in its brief that it was the Debtor and Barron J. Russell who filed the Plea in Abatement. Movant's Brief at 4. As will be discussed below, the Trustee does not oppose the instant Motion for Relief From the Automatic Stay, therefore, it is somewhat surprising that he would have participated in filing the Plea in Abatement in the Confirmation Ac-

stayed the Confirmation Action and directed Movant to seek relief from the stay in this Court to go forward with the proceedings before it.

In its Motion, Movant states that it named the Debtor as a respondent in the Confirmation Action "strictly for purposes of compliance with O.C.G.A. § 44–14–16, *et seq.* and the Movant does not intend to seek a deficiency judgment against the Debtor." Motion for Relief From the Automatic Stay at 2, ¶ 7. At the hearing on May 20, 1993, the Trustee stated that he had no objection to Movant's Motion. Therefore, this is simply a contest between a mortgage holder and guarantors in which the Debtor's estate has no interest.

■ The Court must first consider the Motion to Intervene. The Court notes that Intervenors move to intervene pursuant to Fed.R.Bankr.P. 7024. The Motion for Relief From the Automatic Stay under consideration is a contested matter pursuant to Fed.R.Bankr.P. 9014. Rule 9014 incorporates certain rules contained in Part VII of the Federal Rules of Bankruptcy Procedure, which are applicable to adversary proceedings. However, Fed.R.Bankr.P. 7024 is not one of those rules. The appropriate authority for seeking to intervene in a contested matter is Fed.R.Bankr.P. 2018. *See* Advisory Committee Note to Fed. R.Bankr.P. 7024. Although the Motion to Intervene does not cite this Rule, the Court will construe the Motion to request relief under Rule 2018(a).

Rule 2018(a) provides as follows:

**Permissive Intervention.** In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

The Advisory Committee Note indicates that Rule 2018 was intended to implement §§ 1109 and 1164 of the Bankruptcy Code. Section 1109(b) provides that

tion. Of course, the Trustee, as the representative of the Debtor's estate, is the only one who can act on behalf of the Debtor. *See* § 323(a). Therefore, unless the Trustee consented to the

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

■ In order to establish cause under Fed.R.Bankr.P. 2018(a), a party must establish that it has an economic or similar interest in the matter which is not adequately represented and that intervention would not result in undue delay or prejudice. *In re Torrez*, 132 B.R. 924 (Bankr. E.D.Cal.1991). The Court finds that Intervenors have shown sufficient cause under Rule 2018(a). Therefore, the Court concludes that the Motion to Intervene should be granted so that Intervenors may be heard on the Motion for Relief From the Automatic Stay.

Intervenors contend that Movant violated the automatic stay of § 362 by filing the Confirmation Action. They assert that the Relief From Stay Order did not include relief to seek a confirmation of the foreclosure sale. To support this contention, Movants rely heavily upon the case of *Bank of America Nat'l Trust and Sav. Ass'n (In re Virginia Hill Partners I)*, 110 B.R. 84 (Bankr.N.D.Ga.1989) (Cotton, J.).

In *Virginia Hill Partners I*, the secured creditor had obtained relief from the automatic stay in an order which provided that

the automatic stay under 11 U.S.C. § 362 is lifted to allow Bank of America to assert its rights against Debtor's property under applicable law, including, without limitation, the right to foreclose upon the Debtor's unsold residential condominium units …

110 B.R. at 85. The court found that a confirmation action is subject to the automatic stay and that, "unless the stay relief order clearly provides otherwise, the determination and allowance of claims, deficiency or otherwise, against the debtor or its estate in the pending bankruptcy case re-

Debtor's being named as a moving party in the Plea in Abatement, filing it in the name of the Debtor would have been in error and of no effect as to the Debtor.

main within the exclusive jurisdiction of the bankruptcy court." *Id.* at 87.

This Court agrees with the holding and reasoning of *Virginia Hill Partners I.* An action to confirm a foreclosure sale, which is a prerequisite under Georgia law to obtaining a deficiency judgment, clearly falls under those actions prohibited by § 362(a).[2] If a creditor intends to seek a deficiency judgment against a debtor in the event the foreclosure sale brings less than the amount of the debt, it is not unreasonable to require specific language in the relief from stay order to the effect that, in addition to conducting a foreclosure sale, the stay is also lifted to allow the creditor to file a confirmation action and seek a deficiency judgment against the debtor. Therefore, the court finds that the Relief From Stay Order did not permit Movant to file the Confirmation Action. Thus, Movant's filing of the Confirmation Action violated the automatic stay.

However, this conclusion does not end the inquiry in the matter *sub judice.* There is a crucial factual difference between the proceeding before the Court and the proceeding in *Virginia Hill Partners I.* In *Virginia Hill Partners I,* it was the debtor which was seeking to enforce the automatic stay in order to contest the validity of the confirmation action. Here, the Debtor, through the Trustee, has no objection to the relief sought by Movant. Furthermore, as Movant is not seeking to obtain a deficiency judgment against the Debtor's estate, there is no impact upon the estate.

Congress intended the automatic stay of § 362 to protect the debtor, property of the estate, and property of the debtor. *See Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc. (In re Advanced Ribbons and Office Products, Inc.),* 125 B.R. 259 (Bankr. 9th

Cir.1991). It was not designed to benefit third parties, except to the extent that third parties benefit generally from the preservation of assets of the debtor. Unlike in Chapters 12 and 13, Congress did not enact a codebtor stay in Chapters 7 and 11. In noting the lack of a codebtor's stay, the court in *Virginia Hill Partners I* stated that "[a]bsent such a provision, it seems apparent Congress did not intend, and this court should not permit, the bankruptcy process to frustrate legitimate creditor claims against third parties not before the court." 110 B.R. at 88. *See also, In re Kirby,* 151 B.R. 463, 465 (Bankr.M.D.Tenn. 1992); *In re Torrez,* 132 B.R. 924, 944 (Bankr.E.D.Cal.1991).

In the proceeding *sub judice,* Intervenors are attempting to use the automatic stay to shield them from liability under their guaranty. They are the only ones who will benefit from the enforcement of the automatic stay. The Court concludes that this is not how Congress intended § 362 to be used. If the Debtor had sought to enforce the automatic stay, of if Intervenors could demonstrate that the Confirmation Action will have an impact upon the Debtor's estate, the result here would be different.

Section 362(d) empowers this Court to grant relief from the automatic stay by "terminating, annulling, modifying, or conditioning" the stay. The Court finds that it is appropriate under the circumstances of this proceeding to annul the stay so that commencement of the Confirmation Action is not, and was not, affected by the automatic stay.

In summary, the Court has concluded that Movant violated the automatic stay by filing the Confirmation Action. However,

---

**2.** Section 362(a) provides, in part, that the filing of a bankruptcy petition acts as a stay of

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this

title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

.    .    .    .    .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

because Movant is not seeking a deficiency judgment against the Debtor or its estate and because the Trustee has no objection on behalf of the Debtor to the relief requested, the Court has concluded that annulment of the stay is appropriate.

An appropriate Order is entered contemporaneously herewith.