[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S OBJECTION TO THE PLAINTIFF'SMOTION FOR A DEFICIENCY JUDGMENT
The plaintiff in this foreclosure action, Citicorp Mortgage, Inc., filed a motion for a deficiency judgment on November 8, 1993, in which it stated that the named defendant, Rajnikant S. Mehta, owner of the equity of redemption in certain real property located at 23 Rocco Road in the town of Bolton, failed to redeem on his law day and that title to the premises vested in the plaintiff on August 25, 1993. The motion also asserted that the plaintiff "was precluded from seeking a deficiency" because the defendant filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court on June 18, 1993, and that although the plaintiff obtained a modification of the automatic stay from the Bankruptcy Court on July 16, 1993 to permit it to proceed with the foreclosure action against the property, the defendant's bankruptcy case remained pending until it was dismissed by order of the Bankruptcy Court on October 27, 1993.
The defendant has filed an objection to the motion on the ground that the relief obtained by the plaintiff from the automatic stay "permitted [it] to complete its foreclosure action, including
CT Page 9089 a deficiency judgment", and that its failure to file the motion for a deficiency judgment "within thirty days after the time limited for redemption has expired" pursuant to § 49-14 of the General Statutes mandates the court's denial of its motion as untimely. The plaintiff argues that under 11 U.S.C. § 362(c)(2) of the Bankruptcy Code, the stay of any "act" other than an "act against property of the estate" continues to remain in effect "until . . . the time the case is dismissed", and that state-enacted time constraints such as the thirty day statutory requirement for filing a motion under § 49-14 are tolled under the Code until "30 days after notice of the termination or expiration of the stay . . . with respect to such claim." 11 U.S.C. § 108(c)(2).
The facts have been stipulated by the parties for the purpose of argument on the motion and may be summarized as follows. A judgment of strict foreclosure was entered in this action on January 25, 1993 and after making findings that the fair market value of the property was $289,000.00 and the plaintiff's debt was $421,027.29, the court set a law day of June 21, 1993 for the named defendant and his wife, Anjana R. Mehta, the owners of the equity of redemption. On June 18, 1993 the defendants filed a petition in the United States Bankruptcy Court in Hartford seeking relief under Chapter 7.
On June 23, 1993 the plaintiff filed a motion, accompanied by a proposed order, in the bankruptcy court, seeking relief from the automatic stay of 11 U.S.C. § 362 "for the purpose of continuing a mortgage foreclosure action against the Debtors' interest in real property known as 23 Rocco Road, Bolton, Connecticut." On July 16, 1993 the bankruptcy court entered an order "that the automatic stay in hereby modified to permit [the plaintiff] to proceed with it [sic] state court foreclosure action against debtors' real property located at 23 Rocco Road, Bolton, Connecticut."
On July 26, 1993 this court granted the plaintiff's motion to reopen the prior judgment and set a new law day of August 23, 1993 for the defendants with subsequent days for subsequent encumbrancers, and thereafter, on August 25, 1993 title to the property vested in the plaintiff. On or about September 17, 1993 the named defendant filed a motion to dismiss the bankruptcy case which was granted by the court in an order dated October 22, 1993 which "set aside and vacated" the original order for relief and dismissed the petition that had been filed on June 18, 1993.
All of the relevant documents referred to in the stipulation CT Page 9090 have been attached thereto, including joint Exhibit 2, which is the notice which was issued in this case by the bankruptcy court on June 24, 1993 entitled "Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates". The title of the third paragraph of that document is"CREDITORS MAY NOT TAKE CERTAIN ACTIONS", and is obviously intended to be an explanation in "plain language" of the scope and extent of the Bankruptcy Code's "automatic stay" and the possible consequences that creditors may suffer for taking actions that violate its provisions.
It should be particularly noted that throughout that paragraph, as in § 362(a) of the Code itself, no distinction is made between actions by creditors to obtain possession of property and those to recover money. For example, a "creditor" is defined as "anyone to whom the debtor owes money or property", prohibited actions against debtors include any attempts "to collect money owed to creditors or to take property of the debtor" as well as "starting or continuing foreclosure actions . . .", and the section concludes with a cautionary instruction that "[a] creditor who is considering taking action against the debtor or the property of the debtor should review Sec. 362 of the Bankruptcy Code and may wish to seek legal advice."
Although it has been suggested by way of dictum in various contexts by our appellate courts that the deficiency judgment procedure "is the functional equivalent of a suit upon the note", there can be no question that it is at least "an adjunct to the mortgage foreclosure action." FDIC v. Voll, 12 Conn. L. Rptr. No. 4, 125 (August 22, 1994, Pittman, J.). Nevertheless, the initial determination of strict foreclosure "is a common law, nonstatutory process upon which § 49-14 depends, but from which it is separate." Society for Savings v. Chestnut Estates, Inc.,176 Conn. 563, 568.
The deficiency judgment procedure, "although procedurally a part of the foreclosure action, serves the separate function of providing for recovery on the balance of the note which was not satisfied by the strict foreclosure." Maresca v. DeMatteo, 6 Conn. App. 691
at 696. Moreover, a plaintiff in a foreclosure action who intends to seek a deficiency judgment under § 49-14 must allege facts that are not only sufficient to justify the decree of foreclosure on the mortgage, but to support "a judgment in personam against the particular defendant or defendants against whom a deficiency judgment will be sought." Bank of Stamford v. Alaimo, CT Page 909131 Conn. App. 1, 5.
The terms of an order modifying the automatic stay must be strictly construed because a stay under § 362 "freezes in place" all proceedings against the debtor and the continuation of any proceeding can derive its legitimacy only from the express language of the bankruptcy court's order. Casperone v. Landmark Oil GasCorp., 819 F.2d 112, 114 (5th Cir. 1987). Ordinarily, relief from the stay to permit foreclosure, "without more, carries no presumption that foreclosure confirmation proceedings or actions for a deficiency are also authorized." In re Virginia HillPartners I, 110 B.R. 84, 85 (N.D. Ga. 1989).
In Virginia Hill, the court's order allowed the secured creditor "to assert its rights against Debtor's property under applicable law, including, without limitation, the right to foreclose upon the Debtor's unsold residential condominium units . . .". The court found that the automatic stay had been violated based on the debtor's claim that the court's order permitted foreclosure but did not permit the creditor to proceed for a deficiency judgment or otherwise collect or attempt to recover claims against the debtor. Id. 85.
Where the bankruptcy court's order granted relief from the automatic stay "with respect to the property securing its claim [and to] foreclose upon and to exercise all other remedies with respect to said property to which it is entitled under applicable law" it was held that action taken by the creditor to comply with the state's procedural requirements for obtaining a deficiency judgment violated the automatic stay. Matter of Russell Corp.,156 B.R. 347, 350 (N.D. Ga. 1993). The court noted that if a creditor intended to seek a deficiency judgment against a debtor, it was not unreasonable to require specific language in the relief from stay orders to allow the creditor to seek a deficiency judgment against the debtor. Id.
In this state, the deficiency judgment procedures under §49-14(a) of the General Statutes and § 528 of the Practice Book require that a motion for deficiency judgment "shall be placed on the short calendar for an evidentiary hearing [and that the] hearing shall be held not less than fifteen days following the filing of the motion, except as the court shall otherwise order." The automatic stay under § 362(a) of the Bankruptcy Code is "applicable to all entities" including this court as "a unit of the Judicial Department of the State of Connecticut" so that any CT Page 9092 postpetition filing with the court or any order made by the court, even if agreed to by the debtor, would constitute a judicial act directed toward the disposition of the case and therefore null and void as a "continuation" of a judicial proceeding in violation of the automatic stay. In re Carter, 131 B.R. 4 (D.Conn. 1991); see also Commerzansalt v. Telewide Systems, Inc., 790 F.2d 206,207 (2nd Cir. 1986).
The court therefore finds that the relief from stay order issued by the bankruptcy court in this case did not clearly and unambiguously authorize the plaintiff to proceed to obtain an in personam judgment against the defendant for a deficiency under § 49-14 of the General Statutes, and that if the plaintiff had elected to pursue the deficiency judgment procedure under the statute and Practice Book rules the defendant could have interposed and pursued a colorable claim that the automatic stay had thereby been violated.
The suspension of the time periods imposed by state law for commencing or continuing a civil action against a debtor in a state court "is an essential counterpart of the automatic stay [and it is] likely that the Congress, having provided the debtor with a stay to protect his interests, would have intended the creditor to have coextensive rights to revive causes of action that were unenforceable while the bankruptcy stay was in effect." Bridgeportv. Debek, 210 Conn. 175, 184-85. Time constraints imposed by state law such as the thirty day period within which a motion for deficiency judgment must be filed under § 49-14 are tolled under11 U.S.C. § 108(c)(2) until "30 days after notice of the termination or expiration of the stay . . . with respect to such claim." See Inre Wilkins, 150 B.R. 127 (M.D. Pa. 1992).
Under the facts of this case the filing of the motion on November 8, 1993 was timely in that it was within thirty days of the date that notice was presumably sent of the dismissal of the petition and the termination of the stay on or about October 22, 1993.
For the foregoing reasons the plaintiff's motion for deficiency judgment is granted and the defendant's objection thereto is overruled.
Hammer, J. CT Page 9093