In re W.T. LAMB, Marian
R. Lamb, Debtors.

In re L.P.B. Properties, Inc., Debtor.

In re Judith L. Bostick, Debtor.

In re BLJ, LLC, Debtor.

In re MAD Properties, LLC, Debtor.

Nos. 11–11522, 11–11523, 11–11543,
11–11524, 11–11525.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Feb. 17, 2012.

James C. Overstreet, Jr., Klosinski Overstreet, LLP, William A. Trotter, III, Augusta, GA, for Debtors.

## ORDER

SUSAN D. BARRETT, Chief Judge.

Before the Court is a Motion for Confirmation of Foreclosure Sales and for Additional Or Alternative Relief filed by First Bank of Georgia ("First Bank"). In its motion, First Bank seeks to remove several pending state court confirmation proceedings to this Court, or in the alternative, *nunc pro tunc* relief from the automatic stay. A hearing was held on First Bank's motion and the Court denied the request to remove the pending confirmation proceedings to the bankruptcy court, but granted prospective relief from stay consent orders allowing all but one of the pending state confirmation hearings to proceed. As to the remaining matter, the Court took under advisement whether to issue relief from the stay *nunc pro tunc* to First Bank in regards to its confirmation proceeding involving the Anderson Mill Tract. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and the Court has jurisdiction under 28 U.S.C. § 1334. As set forth herein, First Bank is granted relief from the stay *nunc pro tunc*.

### FINDINGS OF FACT

On August 5, 2011, BLJ, LLC ("BLJ") filed a chapter 7 bankruptcy petition. BLJ's bankruptcy schedules valued the Anderson Mill Tract at $900,000.00, and showed it encumbered by a $1,615,514.40 secured claim in favor of First Bank. Chap. 7 Case No. 11–11524, Dckt. No. 1. On August 5, 2011, W.T. Lamb and Marian R. Lamb ("the Lambs") filed a voluntary chapter 11 petition. According to BLJ's statement of financial affairs, Marian R. Lamb and a non-debtor each own a 50% interest in BLJ. Chap. 7 Case No. 11–11524, Dckt. No. 1. The Lambs along with this third party non-debtor are guarantors on First Bank's note with BLJ. *Id.* In the

BLJ case, First Bank and BLJ filed a consent motion to lift the stay as to the Anderson Mill Tract, praying "the Court enter an Order modifying and lifting the automatic stay as to Collateral." Chap. 7 Case No. 11–11524, Dckt. No. 8. The collateral was defined as "Anderson Mill Tract—705 acres, Wilkes County, GA." Chap. 7 Case No. 11–11524, Dckt. No. 13. In response to the consent motion, a consent order was duly entered in the BLJ case granting relief from the stay as to the Anderson Mill Tract. Chap. 7 Case No. 11–11524, Dckt. No. 13. No further lift of stay motion as to the Anderson Mill Tract was filed or granted in BLJ's case nor in the Lambs' case.

On November 2, 2011, First Bank foreclosed on the Anderson Mill Tract. Thereafter, it undertook to confirm the foreclosure sale; however, it initially failed to name the guarantors in its confirmation proceeding, so it voluntarily dismissed, without prejudice, the first confirmation hearing. Thereafter, First Bank commenced a second confirmation hearing where it named: BLJ, the Lambs and the third party guarantor. At the commencement of the confirmation hearing, the Lambs asserted the hearing was being held in violation of the automatic stay as no lift of stay order was ever obtained in the Lambs' chapter 11 bankruptcy case. With notice, First Bank opted to proceed with the confirmation hearing and various witnesses provided testimony. Now, the Lambs contend because witnesses were called, First Bank is unable to unilaterally dismiss the confirmation hearing and file a new one; rather, First Bank is required to obtain leave from the state court judge to dismiss the action. With this background, the state court requested briefs·on the issues presented. According to First Bank's attorney, the state court action is stayed pending a ruling by this Court.

## CONCLUSIONS OF LAW

The automatic stay provides broad protection for all debtors against acts to collect or enforce a debt. 11 U.S.C. § 362(a)(1). Particularly § 362(a)(1) and (6) stay:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . .

6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1) and (6). First Bank argues that under Georgia law, a confirmation hearing is not *in personam* and therefore does not implicate 11 U.S.C. § 362. *See Wall v. Federal Land Bank of Columbia*, 240 Ga. 236, 240 S.E.2d 76, 78 (1977) (no judgment is rendered against the debtor in a confirmation hearing). However, several federal courts interpreting the federal § 362 automatic stay have concluded that because confirmation of a foreclosure sale is necessary before a creditor may seek to hold a debtor personally liable for a deficiency claim, the language of § 362(a) is broad enough to prohibit confirmation proceedings. *See In re McDaniel*, 2008 WL 6858458 *2 (Bankr.M.D.Ga. May 15, 2008) ("A confirmation proceeding ... is a separate *in personam* proceeding against the debtor, requiring stay relief."); *In re Everchanged, Inc.*, 230 B.R. 891, 894 (Bankr.S.D.Ga.1999)("[A]n attempt to confirm the foreclosure and enforce a deficiency judgment against the Debtor would fall

within the broad sweep of Section 362(a)(1) or (6) because those sections prohibit *in personam* actions against the Debtor."); *In re Virginia Hill Partners I,* 110 B.R. 84 (Bankr.N.D.Ga.1989) ("confirmation is an action or proceeding in the nature of a civil suit to obtain a judicial determination of legal rights or remedies to enable the creditor to pursue recovery or collection of a claim for a deficiency against the debtor. Thus, it is an action or proceeding as contemplated by 11 U.S.C. § 362(a)."); *In re Russell Corp.,* 156 B.R. 347 (Bankr. N.D.Ga.1993) (same); *see also Weems v. McCloud,* 619 F.2d 1081, 1087 (5th Cir. 1980).[1] I agree. The commencement and continuation of a state court confirmation action without first obtaining relief from the stay is in violation of the automatic stay. As the *Russell* court stated:

> If a creditor intends to seek a deficiency judgment against a debtor in the event the foreclosure sale brings less than the amount of the debt, it is not unreasonable to require specific language in the relief from stay order to the effect that, in addition to conducting a foreclosure sale, the stay is also lifted to allow the creditor to file a confirmation action and seek a deficiency judgment against the debtor.

*In re Russell Corp.,* 156 B.R. at 350. While First Bank obtained relief from the stay in BLJ's case to "foreclose against the collateral", it did not obtain relief from the stay to have the sale confirmed in order to assert its deficiency claim. Thus, I find the relief from stay order only authorizes foreclosure on the Anderson Mill Tract, not confirmation of the foreclosure. "[U]nless the stay relief order clearly provides otherwise, the determination and allowance of claims, deficiency or otherwise, against the debtor or its estate in the pending bankruptcy case remain within the exclusive jurisdiction of the bankruptcy court." *Id.* at 349–50 *quoting Virginia Hill Partners I,* 110 B.R. at 87. Therefore, I find the automatic stay prevented First Bank from proceeding with the confirmation hearing against BLJ. *See In re Virginia Hill Partners I,* 110 B.R. at 87; *In re Russell Corp.,* 156 B.R. at 350.

■ The same is true in the Lambs' case. First Bank failed to obtain relief from the stay in the Lambs' bankruptcy case before proceeding with the confirmation hearing. Relief from stay was not necessary before foreclosing on the Anderson Mill Tract in the Lambs' case because foreclosure is an *in rem* action and therefore stay relief is only needed against the owner of the property, BLJ. *See In re Everchanged, Inc.,* 230 B.R. at 894. However, as discussed above, First Bank was required to obtain relief from the stay before commencing a confirmation hearing.

■ "Actions taken in violation of the automatic stay are void and without effect." *U.S. v. White,* 466 F.3d 1241, 1244 (11th Cir.2006) *quoting Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). Thus, the confirmation hearing against BLJ and the Lambs is a nullity. *See South Dallas Water Auth. v. Guarantee Co. of N. Am., USA,* 767 F.Supp.2d 1284, 1297 n. 10 (S.D.Ala.2011)(stating actions taken in violation of the stay are void *ab initio* ).

■ First Bank has asked the Court to grant it relief from stay *nunc pro tunc* to rectify the procedural conundrum facing First Bank. Since evidence was taken at the confirmation hearing, First Bank is concerned it may not be able to add the Lambs to the confirmation proceeding or

---

1. Fifth Circuit decisions issued prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1210 (11th Cir.1981).

to unilaterally dismiss the confirmation proceeding and start anew. The Eleventh Circuit has held that § 362(d) expressly grants the bankruptcy court in "limited circumstances" the ability to annul the stay which could operate retroactively to the date of the petition. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984). The Eleventh Circuit acknowledged that "the important congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed during the pendency of the stay." *Id.* In addition to proving "cause" exists to annul the stay pursuant to § 362(d), First Bank must meet some minimum requirements before the Court considers annulling the automatic stay:

> First, the creditor must demonstrate that it 'justifiably believed its action did not violate the automatic stay.' In other words, the violation must not have been willful. Second, the creditor must prove that it 'did not violate the policies underlying the automatic stay' by showing that its actions 'did not interfere with the 'breathing spell' created by the stay and that 'its foreclosure had no negative impact on other creditors.'

*In re Thomas*, 319 B.R. 910, 912 (Bankr. M.D.Ga.2004) (internal citations omitted); *In re Dye*, 2007 WL 7143406 (Bankr. N.D.Ga. July 12, 2007). In this case, there is no doubt First Bank was aware of the filing of the bankruptcy petitions. Furthermore, before the confirmation hearing commenced, First Bank was made aware of the Lambs' contention that the proceeding violated the Lambs' automatic stay. However, First Bank argues it justifiably believed its action did not violate the automatic stay. First Bank argues it thought since it had a prior relief from the stay in the BLJ case it could continue. First Bank mistakenly believed the consent order granting relief from the stay as to the collateral was sufficient to proceed to con-

firmation of foreclosure. While ignorance of the law is no excuse for a stay violation, I note the split between state and federal cases addressing the *in rem* versus *in personam* issue. *Compare Wall v. Federal Land Bank of Columbia*, 240 Ga. 236, 240 S.E.2d 76, 77 (1977)(confirmation hearing is not *in personam* as no personal judgment is recovered) *with In re Everchanged, Inc.*, 230 B.R. 891, 894 (Bankr. S.D.Ga.1999)("[A]n attempt to confirm the foreclosure and enforce a deficiency judgment against the Debtor would fall within the broad sweep of Section 362(a)(1) or (6) because those sections prohibit *in personam* actions against the Debtor."). Given the facts and circumstances of these bankruptcy cases, I find First Bank justifiably believed its action was not stayed by the provisions of 11 U.S.C. § 362. *See In re Albany Partners, Ltd.*, 749 F.2d at 675–76 (holding that bankruptcy court did not abuse its discretion by granting retroactive relief from automatic stay, notwithstanding that creditors were aware of debtor's bankruptcy filing when they conducted foreclosure sale).

Furthermore, other factors and equities favor *nunc pro tunc* relief. Relief from stay had already been granted in the BLJ case to foreclose on the property, so there is no need for First Bank to prove "its foreclosure had no negative impact on other creditors." *See In re Brown*, 251 B.R. 916 (Bankr.M.D.Ga.2000)(discussing impact on a junior creditor in foreclosure if retroactive relief from stay was granted). The Lambs' chapter 11 case is a liquidating plan, contemplating foreclosures, confirmations and deficiency claims and proposing to pay all claims in full. The confirmation hearing did not interfere with the "breathing spell" provided for by the automatic stay as the property had already been foreclosed upon. Granting re-

lief *nunc pro tunc* in this case would not violate the purpose of the stay.[2] The Lambs were represented in the prior confirmation hearing and were able to raise all their defenses to confirmation of the foreclosure sale. Furthermore, BLJ is not asserting any defense of the automatic stay. In fact BLJ argues the confirmation proceeding is valid as to it. Dckt. No. 102, p. 13 n. 6. Evidence has been taken in the state court and the state court is poised to rule. For the reasons previously discussed, without the *nunc pro tunc* relief, the confirmation proceeding as a whole is void *ab initio* as to both BLJ and the Lambs. For these reasons, I find the posture of the state court proceedings lends further support to granting *nunc pro tunc* relief. Based upon the facts of this case, I find cause exists to grant relief from the stay and to grant it retroactively.

Furthermore, there have been several hearings between the parties in these cases, and the parties have always intended and contemplated relief being granted to First Bank to foreclose and confirm its sales.

For the foregoing reasons, relief from the stay is granted *nunc pro tunc* to the date the second foreclosure confirmation action was filed in state court as to the Anderson Mill Tract in both the BLJ and the Lamb cases.

---

2. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy...." *In re Albany Partners, Ltd.*, 749 F.2d at 676, n. 9 *quoting* H.R. Report No. 595, 95th Cong., 1st Session 340–42 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6296–97.