### 27921. FIRST NATIONAL BANK & TRUST COMPANY v. KUNES et al.

INGRAM, Justice. Certiorari was granted to review the decision of the Court of Appeals in *First Nat. Bank &c. Co. v. Kunes,* 128 Ga. App. 565 (197 SE2d 446) (1973). The case involves a construction of Ga. L. 1935, p. 381 (Code Ann. §§ 67-1503—67-1506), providing for judicial confirmation of foreclosure sales under power of sale as a condition precedent to suits for deficiencies. The facts of the case are related in the opinion of the Court of Appeals and the question they present for decision is whether the appellant bank is precluded by the statute

from asserting contractual claims for deficiencies based on separate indemnification agreements executed by the defendants Kunes and Garrison when in the confirmation proceedings such defendants were not given notice as "debtors" as required by Code Ann. § 67-1505. We believe that, under the circumstances of this case, the statute in question prohibits any claim for the balance of the indebtedness on these separate undertakings by defendants Kunes and Garrison, and we, therefore, affirm the judgment of the Court of Appeals.

In reviewing the indemnity agreements executed by Kunes and Garrison (set forth in the dissenting opinion of Judge Stolz, 128 Ga. App. 573), we have concluded from their language they are endorsement or surety agreements creating primary liability on the part of the signers for the indebtedness of Coastal Plains Realty Company growing out of the default on the promissory notes. The agreements provide in substance that the signers guarantee payment of the indebtedness and shall be liable "as endorsers are liable to the holder of a negotiable instrument under the Law Merchant." See Code Ann. § 109A-3—414. Supportive of this determination is the absence of evidence that any "new, separate and independent consideration" flowed directly to the obligors under the agreements necessary to create a contract of guaranty. *Wolkin v. National Acceptance Co.,* 222 Ga. 487 (150 SE2d 831) (1966). See also Code § 103-101.

We, therefore, hold that defendants Kunes and Garrison were "debtors" within the meaning of this statute immediately upon the default on the promissory notes and as such should have received notice of the confirmation proceedings and given an opportunity to contest the approval of the sales before claims for the balance of the indebtedness could be prosecuted against them.

In addition, because of our view of the underlying purpose of Code Ann. § 67-1503 et seq., even if our conclusion is erroneous that the indemnity agreements were contracts of surety, rather than ones of guaranty, we reached the same conclusion. Prior to the enactment of the present Code Ann. §§ 67-1503—67-1506, it was the law of Georgia that in the event of insufficient return upon the sale of real estate as collateral, a suit could be maintained on the note to collect the deficiency. See *Calhoun v. Phoenix Life Ins. Co.*, 46 Ga. App. 807 (169 SE 262) (1933). Code Ann. § 67-1503 does not eliminate this claim but subjects it to the condition that the foreclosure sale under power be given judicial approval. From the perspective of history and a consideration of the economic factors then extant, it is evident the intendment of the General Assembly in 1935, in adopting this statute, was to provide for debtor relief. In 1933, for example, Representative Minchew, of Atkinson County, introduced a bill (H. B. No. 177) in the General Assembly which would abolish deficiency judgments. See the 1933 House Journal, p. 311. The subsequent legislation, as compromised in 1935 and participated in by Mr. Minchew (see 1935 House Journal at pp. 1759 and 2177), also had as an objective the providing of relief to debtors from the economic depression of the times. This is found in the preamble of the statute, Ga. L. 1935, p. 381 (Code Ann. §§ 67-1503 — 67-1506), where the aim of the legislation was stated *"to limit and abate deficiency judgments in suits and foreclosure proceedings on debts."* Based upon this reasoning, it would not matter for purposes of this statute whether the debtors were primarily or secondarily liable on the debt as they would still have to be notified of the confirmation proceedings to be held accountable for the deficiency, or balance due on the indebtedness. For an expansive definition of "debtor," as we believe that

term should be understood in Code Ann. § 67-1505, see Code § 28-101.

We hold that if the appellant bank expected to assert its right to indemnification from the defendants Kunes and Garrison under the agreements they signed, it was necessary that these parties be properly notified of the confirmation proceedings, irrespective of whether these separate undertakings were agreements of surety or guaranty.

The decision of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1973 — DECIDED SEPTEMBER 6, 1973.

*Wallace Miller, Jr.,* for appellant.

*Reinhardt, Whitley & Simms, Glenn Whitley,* for appellees.