## 32796. WALL v. FEDERAL LAND BANK OF COLUMBIA et al.

UNDERCOFLER, Presiding Justice.

This appeal is from the confirmation of a foreclosure sale. Code Ann. § 67-1503 (Ga. L. 1935, p. 381). Wall, a resident of Fulton County, in 1974 gave a security deed to appellee to land in Dawson County. He and a subsequent assignee, J. M. Langley, defaulted. Appellee advertised and sold the tract in 1977 under the terms of its deed to secure debt for an amount less than the remaining contract indebtedness. Preparatory to seeking a deficiency judgment, appellee reported the foreclosure sale to the Superior Court of Dawson County for review and approval under Code Ann. § 67-1503, supra. Among other complaints appellant challenged the constitutionality of Code Ann. § 67-1503 and the venue of the confirmation proceeding. The trial court overruled all complaints and found the sale regular in all respects. We affirm.

1. Appellant contends Code Ann. § 67-1503, supra, setting the venue for a confirmation hearing in the county where the land lies is unconstitutional. He argues a confirmation hearing is not a "case" respecting title to land and not an equitable proceeding under previous

holdings of this court. *Tingle v. Atlanta Federal Savings &c. Assn.,* 211 Ga. 636 (87 SE2d 841) (1955); *Dockery v. Parks,* 224 Ga. 369 (162 SE2d 332) (1968). Therefore he concludes it is a civil case which must be tried in Fulton County where he resides. Code Ann. § 2-4306. We do not agree. The confirmation required by Code Ann. § 67-1503 is not a civil case within the meaning of the constitutional provision requiring civil cases to be brought in the county where the defendant resides. "It is not an action in personam, because no personal judgment is recovered. Strictly speaking, it is not an action in rem, because it does not adjudicate . . . title . . ." *Wilson v. Healey Real Estate &c. Co.,* 203 Ga. 52, 54 (45 SE2d 656) (1947).

As stated in *Moss v. Strickland,* 138 Ga. 539, 543 (75 SE 622) (1912), "The constitutional scheme seems to be that the venue of every action not respecting title to land, wherein a personal judgment may be recovered, shall be the county of the residence of the defendant in the action, or, if there be more than one, then, in the county of one of them. The general provision that all other civil cases shall be tried in the county where the defendant resides comprehends cases of like character, that is, cases in which a judgment in personam may be recovered. This construction is inevitable from the application of the rule of ejusdem generis, as well as from the clear import of the words themselves in the connection in which they are employed. None of these constitutional mandates as to venue prevent the General Assembly from fixing the venue of a proceeding to foreclose an attorney's lien. A proceeding to foreclose an attorney's lien is not an action within the purview of these constitutional requirements." In our opinion the rationale of *Moss* applies here. Code Ann. § 67-1503 is a debtor's relief Act to subject a land foreclosure sale under a power to the scrutiny of the court. Its purpose is to pass upon the notice, advertisement and regularity of the sale and to re-insure that the property was sold for a fair value. It provides debtors with formidable protection against gross deficiency judgments. The debtor receives notice of the confirmation proceeding and may raise objections thereto. However, no judgment is rendered against the debtor. Therefore, we conclude that the confirmation proceeding is not a case within the

constitutional provisions establishing venue.

2. There is also no merit to appellant's contention that the trial court failed to include findings of fact and conclusions of law in its order confirming the sale. The judge amended his order nunc pro tunc to comply with the requirements of the Civil Practice Act (Code Ann. § 81A-152(a); Ga. L. 1969, pp. 645, 646). *Aetna Cas. &c. Co. v. Bullington,* 227 Ga. 485 (1) (181 SE2d 495) (1947), is inapposite. There the judge altered his judgment. Here, the judge did not.

3. The record and transcript show the judge properly exercised his discretion in confirming the sale and holding the sale price was the true market value of the tract. Expert witnesses testified during the hearing and essentially agreed land values in Dawson County were materially depressed from those exaggerated values which had prevailed when the prior "speculative" land contracts of purchase were made. Contrary to appellant's contentions in his brief, the appraiser testifying for appellee recently performed appraisals of several tracts in Dawson County for the State Highway Department as agent for the Dawson County Commission and was knowledgeable as to land values there. The judge, as trier of fact, resolved any conflicts in testimony and determined the sale price was the property's fair market value. The evidence supports the judge's findings of fact and conclusions of law.

4. Likewise, we find nothing in this transcript to show the sale was "chilled" in any manner by the pendency of a lawsuit, filed in Fulton County by appellant prior to the foreclosure sale, which challenged the foreclosure sale on grounds of appellee's fraud and release of the appellant.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1977 — DECIDED NOVEMBER 28, 1977.

*Charles B. Rice, Alford Wall,* for appellant.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellees.