36174. HENRY v. HIWASSEE LAND COMPANY.

NICHOLS, Justice.

The adequacy of notice sent and received by certified mail is the only question presented.

Henry executed in favor of Hiwassee a note in the principal sum of $101,100.00 secured by a deed to secure debt. After Henry's default under the note, Hiwassee exercised the power of sale in the security deed, and purchased the property at the foreclosure sale for $47,180.00. Hiwassee then filed an application for confirmation of the sale. The trial court issued a rule nisi requiring a copy of the application and a copy of the rule nisi to be served upon Henry at least five days before the hearing unless service was acknowledged by Henry.

Counsel for Hiwassee filed his certificate reciting that he served the application upon Henry by certified mail, return receipt requested. The certificate of service does not recite that the rule nisi

also was mailed to Henry in this manner. However, Henry never denied receipt of the application and rule nisi. The case was presented to the trial court and to this court upon the assumption that the application and rule nisi were mailed by Hiwassee and received by Henry.

Henry did not appear at the hearing. The trial court confirmed the sale. Henry then filed a motion to set the confirmation order aside. He appeals from the order denying that motion.

Code Ann. § 67-1505 states: "The court shall direct *notice* of the hearing to be given the debtor at least five days prior thereto, and at the hearing the court shall also pass upon the legality of the *notice,* advertisement, and regularity of the sale. The court may, for good cause shown, order a resale of the property." (Emphasis added.) Hiwassee contends that "notice", not "service", is required by that section, and that the Court of Appeals has held that notice by mail is adequate. The case cited by Hiwassee does not support this contention. In *Boardman v. Ga. R. Bank &c. Co.,* 127 Ga. App. 63 (2) (b) (192 SE2d 390) (1972), as in the present case, no action was pending between the parties on the date that copies of the application were mailed, but the cases are to be distinguished in that Boardman appeared through his attorney at the confirmation proceedings without objecting to the manner in which notice was given whereas Henry did not appear. Boardman thus waived any objection to lack of personal service (Code Ann. § 81A-112(h); *Wilkie v. Wilkie,* 240 Ga. 287 (240 SE2d 84) (1977); *Teri-Lu, Inc. v. Ga. R. Bank &c. Co.,* 147 Ga. App. 860, 861 (3) (250 SE2d 548) (1978)) whereas Henry's nonappearance waived his objection to lack of personal service only in the event that the notice given and received by mail was legally adequate to compel his attendance. *Dunn v. Dunn,* 221 Ga. 368 (144 SE2d 758) (1965). The fact that Henry actually received the application and the rule nisi and thereby had actual knowledge of the confirmation proceedings and of the date, time, and place of the hearing is of no consequence if notice by mail is not adequate notice. *Dunn v. Dunn,* supra. Where there has been no legal service or waiver of service, the court's judgment is null and void. *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (193 SE2d 852) (1972); *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267) (1974).

Where, as in the present case, no proceedings are pending between the parties at the time a notice is to be given, personal service generally is required in order to give legal notice. *Smith v. Smith,* 244 Ga. 230 (259 SE2d 480) (1979). *Boardman,* supra, is disapproved and will not be followed to the extent that its holding respecting the adequacy of service by mail may conflict with this

court's rulings in *Smith,* supra.

Henry was not hiding himself to avoid service of process. A construction of Code Ann. § 67-1505 which, under the facts of this case, would allow notice by mail to be the legal equivalent of personal service[1] would cause that section to run afoul of our concept of due process. *Benton v. Modern Finance & Invest. Co.,* 244 Ga. 533 (261 SE2d 359) (1979); *Melton v. Johnson,* 242 Ga. 400 (249 SE2d 82) (1978). Although the trial court has a duty under Code Ann § 67-1505 to pass upon the legality of the notice given, this court ultimately must decide on the facts of each particular case whether the notice given was or was not legally adequate under our statutes and fundamental law. *Benton v. Modern Finance & Invest. Co.,* supra; *Melton v. Johnson,* supra. Notice by mail is not in the circumstances of the present case legally equivalent to personal service. It is not adequate notice under Code Ann. § 67-1505. *Dunn v. Dunn,* supra; *Dupree v. Turner,* 99 Ga. App. 332 (108 SE2d 171) (1959); cf., *Melton v. Johnson,* supra.

Contrary to Hiwassee's contention, cases such as *Geohagan v. Commercial Credit Corp.,* 130 Ga. App. 828 (204 SE2d 784) (1974), construing and applying the "reasonable notification" provision of Code Ann. § 109A-9—504(3), do not require or suggest that the notice required by Code Ann. § 67-1505 may be given by mail rather than by personal service. Confirmation proceedings are judicial proceedings albeit they are unique and do not neatly fit into the customary classification of actions in personam or actions in rem. *Wall v. Federal Land Bank,* 240 Ga. 236, 237 (240 SE2d 76) (1977). Accordingly, this court holds that the "notice" contemplated by Code Ann. § 67-1505 should have been given to Henry by personal service of the application and rule nisi rather than by sending the application and rule nisi to him by certified mail. The decision in this case will apply prospectively except for those cases already filed in which this issue has been raised.

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

ARGUED MAY 12, 1980 — DECIDED
JUNE 27, 1980.

*Chambers & Chambers, John W. Chambers, John W. Chambers, Jr.,* for appellant.

---

[1] Code Ann. § 81A-104 provides several methods of personal service.

*Snell & Bishop, Donald J. Snell,* for appellee.