72632. ROGERS v. FIDELITY FEDERAL SAVINGS & LOAN
ASSOCIATION.
72633. SERKALOW v. FIDELITY FEDERAL SAVINGS & LOAN
ASSOCIATION.
(349 SE2d 7)

SOGNIER, Judge.

Henry Rogers and Vic Serkalow both appeal from the order of the Superior Court of Whitfield County which affirmed the Application for Confirmation and Approval of Sale of Real Estate made by Fidelity Federal Savings and Loan Association, by its successor, Fidelity Federal Savings Bank, and which denied their motions to dismiss the application for confirmation. Both appeals are consolidated in this opinion.

Appellee sought confirmation of the sale of real estate on foreclosure without legal process pursuant to OCGA § 44-14-161. Appellants were personally served and at the hearing the trial court dismissed appellee's application for confirmation and ordered a resale of the property on the basis, inter alia, that appellee had failed to report the sale to the judge within 30 days as required by OCGA § 44-14-161 (a). Subsequently, appellee conducted a resale of the property and made report to the judge within 30 days of the sale. Appellee obtained an order from the trial court on May 31, 1985, confirming the sale, but that order was set aside on October 11, 1985, on appellants' motions for appellee's failure to serve notice of the hearing to appellants personally, as required by OCGA § 44-14-161 (c). Appellee thereupon had appellants personally served in accordance with the statute and the trial court confirmed the resale of the property on January 16, 1986.

Appellants contend the trial court erred in its January order when it confirmed the sale and denied their motions to dismiss appellee's application. Appellants argue that when the May confirmation order was set aside by the October order on the basis of inadequate service to appellants under OCGA § 44-14-161 (c), the effect of the October order was to nullify appellee's report of the resale of the property to the judge within 30 days as required by OCGA § 44-14-161 (a). Therefore, appellants argue, the trial court should have granted their motions to dismiss appellee's application because appellee failed to timely report the sale to the judge.

We find no merit in appellants' contention. The record clearly shows that appellee's report of the resale was made to the judge within 30 days of the sale of the property. See *Dukes v. Ralston Purina Co.*, 127 Ga. App. 696 (194 SE2d 630) (1972). Contrary to appellants' arguments, the October order setting aside the May order did not "erase the slate clean" of all previously filed documents; rather, the effect of the trial court's order on appellants' motion was merely to set the judgment aside, thus reinstating the case in the trial court and returning it to the posture it occupied prior to judgment. See generally *Bank of Cumming v. Moseley*, 243 Ga. 858-859 (257 SE2d 278) (1979); *Mathews v. Mathews*, 121 Ga. App. 725 (175 SE2d 126) (1970); *Jackson v. Bekele*, 148 Ga. App. 221 (251 SE2d 140) (1978). *First Nat. Bank v. Kunes*, 128 Ga. App. 565 (197 SE2d 446) (1973), cited by appellants, is distinguishable on its facts. All deficiencies in personal service having been rectified, appellee was entitled to judgment as a matter of law. OCGA § 44-14-161. Therefore, the trial court did not err by confirming appellee's application and denying appellants' motions to dismiss.

Appellant Serkalow's remaining enumerations of error have been perused by this court and found to be without merit.

*Judgments affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 4, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986.

*Robert M. Withrock*, for appellant (case no. 72632).
*John P. Neal III*, for appellant (case no. 72633).
*Gregory H. Kinnamon*, for appellee.