A90A0672. PHILLIPS et al. v. CONNECTICUT NATIONAL BANK et al.
(396 SE2d 538)

McMURRAY, Presiding Judge.

On April 5, 1988, The Connecticut National Bank ("Connecticut National") sold several lots in Alison Plaza Subdivision ("Plaza I") and Alison Plaza II Subdivision ("Plaza II") pursuant to the powers of sale contained in security deeds executed by defaulting property owners. On May 3, 1988, confirmation applications were filed against Ward W. Phillips and Anne Nipper Phillips (owners of lot 5, Plaza I), Elisabeth Richter (owner of lot 8, Plaza I), J. R. Oviedo (owner of lots 5 and 6, Plaza II), Roland D. Chance, Jr. (owner of lot 12, Plaza I), Larry M. Hoffman (owner of lots 9 and 10, Plaza I) and William Allen Cochrane (owner of lots 7 and 8, Plaza II). The superior court of the county in which the lots are located accepted the confirmation appli-

---

cations and directed that confirmation hearings be scheduled to determine the regularity of the foreclosure sales. The superior court also ordered Connecticut National to serve each of the defaulting property owners with "a copy of said Application and this Order . . . at least five (5) days prior to the hearing thereon." On August 16, 1988, an attorney acknowledged service for the defaulting property owners and waived "any further service from this date on behalf [of his clients]."

On September 6, 1988, a consensual order of consolidation was entered, bringing all of the confirmation applications into one proceeding. A confirmation hearing was conducted on April 24, 1989, and the defaulting property owners' attorney acknowledged that he received proper notice of the confirmation hearing "two weeks ago or something like that. . . ."

On May 1, 1989, the superior court judge entered an order and confirmed the foreclosure sales. This appeal followed. *Held*:

1. The defaulting property owners contend in their first two enumerations that the confirmation applications are barred by a 30-day limitation period prescribed by OCGA § 44-14-161 (a). More specifically, the defaulting property owners cite OCGA § 9-11-4 (c) and argue that Connecticut National's failure to serve them within 5 days after the 30-day limitation period resulted in a lapse of the statute of limitation, cutting off Connecticut National's right to bring the confirmation proceedings. This reasoning is flawed.

OCGA § 44-14-161 (a) does not require that a debtor be served with notice of the application for confirmation within 30 days of the foreclosure sale, it prohibits the recovery of a deficiency judgment if a "person instituting [a non-judicial] foreclosure proceedings [does not], within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval. . . ." In confirmation proceedings, it is only required that a defaulting property owner be given at least five days notice before the confirmation hearing. OCGA § 44-14-161 (c). See *Oviedo v. Conn. Nat. Bank*, 194 Ga. App. 626 (391 SE2d 417) (1990).

In the case sub judice, it is not disputed that Connecticut National filed the confirmation applications within 30 days of the foreclosure sales and that the defaulting property owners received notice of the consolidated confirmation hearing at least five days prior thereto. Consequently, Connecticut National is not barred from prosecuting the confirmation applications.

2. In their third enumeration, the defaulting property owners contend the trial court erred "[i]n granting a supersedeas bond in the amount of $100,000.00." They argue that $100,000 is "an exorbitant amount and thus . . . improper . . . ."

OCGA § 5-6-46 (a) vests the trial court with authority to order a supersedeas bond "in such amount as the court may require. . . ."

There is nothing in the record to indicate that the trial court abused its discretion in ordering a $100,000 supersedeas bond. This enumeration is without merit.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I fully concur in Division 1 of the majority opinion and agree with the reasoning and analysis set forth therein. I also concur in the judgment.

However, in Division 2, the majority addresses appellants' enumeration of error directed to the grant of a supersedeas bond pursuant to OCGA § 5-6-46. In actual fact, there were two orders granting bonds, but both were entered after the filing of the notice of appeal. The notice of appeal was not amended to encompass either of the orders requiring a supersedeas bond. Therefore, the orders for supersedeas bonds are not before this Court and cannot be considered. It is my opinion that the majority incorrectly addresses the merits of this enumeration.

However, since the majority has addressed this enumeration, I am constrained to point out that were the issue properly before this Court, I would be compelled to dissent to the majority's conclusion that the trial court did not err in granting the supersedeas bond. As stated, there were two bonds granted, one in the amount of $33,200 and one in the amount of $100,000. Appellants apparently complain only of the order requiring the bond in the amount of $100,000, and that is the bond to which Division 2 of the majority opinion refers. The provisions of § 5-6-46, providing for a supersedeas bond, primarily apply to cases in which a money judgment is entered or where the judgment determines *disposition* of property in controversy. In this and all other confirmation cases, the judgment of the superior court neither awards a money judgment, nor provides for the *disposition* of any property. In fact, there can never be a deficiency judgment entered in the confirmation proceedings itself. See *Robinson v. Kemp Motor Sales*, 185 Ga. App. 492 (364 SE2d 623) (1988). Therefore, if § 5-6-46 were applicable at all to the instant case, it would allow the trial court to require supersedeas bond in an amount inclusive *only* of costs and damages for delay in the event the appeal is dismissed or determined to be frivolous. Thus, the trial court was without authority to require the posting of a supersedeas bond in the amount of $100,000 and, if the order so requiring had been properly appealed, the same would have been subject to reversal.

DECIDED JULY 12, 1990 —
REHEARING DENIED JULY 19, 1990 — CERT. APPLIED FOR.

*Glenville Haldi*, for appellants.
*Douglas R. Thompson, Diane F. Schussel, McCalla, Raymer, Padrick, Cobb & Nichols, R. Teresa Perrotta*, for appellees.