# A97A0259. QUATTLEBAUM v. AMERIBANK, N.A.
### (489 SE2d 319)

McMURRAY, Presiding Judge.

This case concerns Ameribank, N.A.'s ("Ameribank") application to confirm a real property foreclosure sale. The trial court entered an order confirming the sale on September 12, 1994, but later set aside that portion of this order finding that the guarantor, Robert Quattlebaum, Jr., had been personally served with notice of the confirmation hearing. After this judgment was affirmed in *Ameribank, N.A. v. Quattlebaum*, 220 Ga. App. 345 (469 SE2d 462), Ameribank personally served Quattlebaum with a copy of its confirmation application and a document entitled, "NOTICE OF HEARING." This document begins with the notation, "TO: ROBERT B. QUATTLEBAUM, JR., M.D.," and provides notice of a hearing on May 20, 1996, "for the purposes of confirming the price obtained ($355,704.44) for [the collateral real] property at the foreclosure sale conducted by Plaintiff on May 3, 1994. . . ." Neither the "NOTICE OF HEARING" document nor Ameribank's attached confirmation application name Robert B. Quattlebaum, Jr. as a party to the proceedings. The "NOTICE OF HEARING" document closes with the following: "You are invited, but not required, to attend the hearing."

Over Quattlebaum's objections, the trial court conducted a second confirmation hearing during which Ameribank's appraiser testified that he examined the subject realty on February 10, 1994, about three months before the foreclosure sale, and that he then gave the property a "final value estimate [of] $400,000." Based on this testimony and other proof regarding the property's true market value, the trial court confirmed the foreclosure sale finding "that the bid-in price (in aggregate with the outstanding taxes paid by Ameribank) was within the range shown by evidence as the true market value. . . ." This appeal followed. *Held*:

1. The trial court did not err in conducting a confirmation hearing after Ameribank's unsuccessful appeal in *Ameribank, N.A. v. Quattlebaum*, 220 Ga. App. 345, supra. Contrary to Quattlebaum's assertions, the substantive aspect of the confirmation proceedings did not end when the trial court entered an order on September 12, 1994, confirming the foreclosure sale as to the primary debtors. Just as in *Rogers v. Fidelity Fed. Sav. &c. Assn.*, 180 Ga. App. 330, 331 (349 SE2d 7), the trial court's set-aside order in the case sub judice returned Quattlebaum to the posture he occupied before the first confirmation hearing. Id. at 331. Quattlebaum argues, nonetheless, that *Rogers* is not controlling because, unlike *Rogers*, the trial court in the case sub judice set aside only part of the September 12, 1994 confirmation order. This difference, Quattlebaum reasons, placed him at a disadvantage because his position at the second confirmation hear-

ing was contrary to the remaining part of the trial court's September 12, 1994 confirmation order finding that the encumbered property sold fairly as to the primary debtors. We find no difference in this distinction.

The trial court in *Rogers*, just as the trial court in the case sub judice, was required to disregard its prior confirmation order and consider anew the issue of whether the encumbered property sold fairly. While Quattlebaum perceives difficulty in escaping prejudice under such circumstances, it is presumed that the trial judge acted properly and provided Quattlebaum with a fair and impartial confirmation hearing. *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339, 340 (2) (301 SE2d 292).

We also reject Quattlebaum's argument that the second confirmation hearing unfairly diminished his right to challenge the foreclosure sale because of the two-year interval between the foreclosure sale and the second confirmation hearing. Although Quattlebaum's appraiser testified that this delay rendered it impossible for him to form an opinion as to the value of the encumbered property's building, such evidentiary difficulties are often an unavoidable circumstance of confirmation proceedings and are tolerated as a matter for the trial court's consideration in weighing the evidence. See *Thompson v. Maslia*, 127 Ga. App. 758, 763 (4), 764 (195 SE2d 238).

2. Quattlebaum next contends the trial court erred in denying his motion to dismiss, pointing out that he was not named as a party to the confirmation proceedings and that the trial court did not direct that a notice of the confirmation hearing be given to him as required by OCGA § 44-14-161 (c).

In *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565 (197 SE2d 446), aff'd, 230 Ga. 888 (199 SE2d 776), this Court affirmed the trial court's order dismissing a bank's claims for a deficiency judgment against individual debtors under seven promissory notes because, unlike the corporate debtor, they were not named as parties in the underlying confirmation petition and the trial court's rule nisi for the confirmation hearing was directed solely to the corporate debtor. 128 Ga. App. at 566 (3). Because Georgia's confirmation statute is in derogation of the common law and must therefore be strictly construed, the Court of Appeals held that the individual debtors' actual notice of the confirmation hearing was insufficient to satisfy the statute's notice requirements. Id. at 566-567 (4). Similar circumstances appear in the case sub judice. Quattlebaum is not named as a party in the confirmation petition, and he was not given notice of the confirmation hearing by the trial court as required by OCGA § 44-14-161 (c). Ameribank gave Quattlebaum the "NOTICE OF HEARING" document and advised him therein that, "You are invited, but not

required, to attend the hearing."[1] Under these circumstances, we are compelled to reverse the trial court's denial of Quattlebaum's motion to dismiss.

Quattlebaum's third and fourth enumerations of error provide no ground for reversal.

*Judgment reversed. Beasley, J., concurs specially. Smith, J., concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

The pivotal issue is whether the notice to debtor Quattlebaum was adequate to serve the purpose contemplated by OCGA § 44-14-161 (c), which requires that "[t]he court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto. . . ."

There is no doubt that personal service on Quattlebaum was made by the sheriff, as we held is necessary in *Ameribank, N.A. v. Quattlebaum*, 220 Ga. App. 345, 347 (2) (469 SE2d 462) (1996), and that it was timely. The problem is that the notice was not a rule nisi directed by the court.[2] It was a notice from the attorney for Ameribank. Our first opinion in this case refers to *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2) (1980). Although we pointed out that *Henry*'s footnote regarding the CPA method of service was misinformed as shown in the later case of *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296 (430 SE2d 732) (1993), *Henry*'s holding was not disturbed. *Henry*, supra at 89, held that the "notice" required in what is now OCGA § 44-14-161 (c) "should have been given to Henry by personal service of the application *and rule nisi.* . . ." (Emphasis supplied.)

Although *Vlass* did not expressly state that a rule nisi is necessary, the Court referred to the confirmation proceeding as a "special statutory [one] in which the creditor has invoked the superior court's supervisory authority over non-judicial foreclosure sales under power." *Vlass*, supra at 298 (2). The Court pointed out that the statutory proceeding is for a debtor's relief "and is in derogation of the creditor's common-law right to seek a deficiency judgment after non-

---

[1] This sort of guidance, which could easily lull an unrepresented debtor away from the confirmation hearing, provides good reason for OCGA § 44-14-161 (c)'s requirement that the trial court direct that the notice of hearing be given to the debtor.

[2] The statute does not explicitly require a rule nisi, and whether some other form of notice from the court would suffice is unnecessary to consider; a rule nisi would meet the requirement. In *Phillips v. Connecticut Nat. Bank*, 196 Ga. App. 477, 478 (396 SE2d 538) (1990), the trial court directed that confirmation hearings be scheduled and ordered the creditor to serve " 'a copy of [the] Application and this Order . . . at least five (5) days prior to the hearing thereon.' " At the confirmation hearing, the debtors' counsel acknowledged that he received proper notice of the hearing. Id.

judicial foreclosure under power of sale." Id. The debtor is protected by the proceeding " 'from being subjected to double payment in cases where the property was purchased for a sum less than its market value.' " *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565, 566 (2) (197 SE2d 446) (1973), aff'd, 230 Ga. 888, 890 (199 SE2d 776) (1973). Some history of the statute is contained in the Supreme Court's opinion in the case.

Thus I agree that the legislature's requirements must be followed. Its explicit instruction that "[t]he court shall direct that a notice of the hearing shall be given" does not leave room for the creditor or creditor's counsel to do it without explicit direction from the court. This is in keeping with the intendment that the whole matter of confirmation, which will allow a deficiency judgment to be pursued by the creditor, be within the supervisory authority of the court. The court can then assure that the notice is adequate and proper at the outset and that it gives the debtor "an opportunity to contest the approval of the sale[ ] before claims for the balance of the indebtedness could be prosecuted against [the debtor]." *Kunes*, 230 Ga. at 889. The source of the notice is not merely a matter of form.

Although a debtor is not required to be present, and the confirmation will not be automatic if the debtor is absent because the court must still make an independent judgment that the sale brought true market value, OCGA § 44-14-161 (b), the court does not represent the interests of the debtor. The court reaches its judgment based on the evidence brought before it, and when the debtor is absent, the court does so without conflicting evidence of "true market value" presented by the debtor who can investigate and consult other experts.

For this reason also, a rule nisi rather than a notice from the creditor's counsel is called for (unless the court specifically directs creditor's counsel to notify the debtor of specified information). As the trial court recognized, a rule nisi is "a specific direction or requirement of a court with respect to performance of some act incidental thereto." *Beck v. Dean*, 177 Ga. App. 144, 145 (338 SE2d 693) (1985). By it a court "directs a party [which the debtor is] to show cause why the rule should not be made absolute and will become a 'rule absolute' unless such cause is shown." Id. Thus, in the confirmation context, the sale which has already occurred without court supervision will be approved and the creditor will be authorized to seek a deficiency judgment unless the court is not satisfied by the seller's evidence that the property brought its true market value.

Here the trial court's approval of the notice in its final order confirming the sale cannot be considered as an adoption or ratification of the notice given by debtor's counsel, so as to relate back or otherwise cloak it with legitimacy. The court, in its supervisory capacity, must "direct" the giving of the notice. We are bound to enforce the proce-

dure created by OCGA § 44-14-161 (c).

While it is true that the debtor was served a detailed notice specifying the purpose of the hearing and attaching a copy of the report of sale and application for confirmation, and that he appeared with counsel and presented expert evidence of value which contradicted the seller's expert and thus had the full opportunity which the statutory scheme intends, this Court has rejected the application of the harmless error rule to procedural departures in a confirmation proceeding. *Chastain Place v. Bank South, N.A.*, 185 Ga. App. 178, 180 (363 SE2d 616) (1987).

DECIDED JUNE 12, 1997 —
RECONSIDERATION DENIED JULY 24, 1997 — 

*McCorkle, Pedigo & Johnson, David H. Johnson*, for appellant.
*Inglesby, Falligant, Horne, Courington & Nash, Kathleen Horne, McCallar & Associates, Mark Bulovic, Jack K. Berry, Jr.*, for appellee.