S97G1945. AMERIBANK, N.A. v. QUATTLEBAUM.
(505 SE2d 476)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Quattlebaum v. Ameribank, N.A.*, 227 Ga. App. 517 (489 SE2d 319) (1997), to consider its determination that notice of the foreclosure hearing served upon the debtor by the foreclosing party was inadequate under OCGA § 44-14-161 (c).[1] We affirm because the statutory requirements were not satisfied.

Appellant Ameribank, N.A. made a commercial loan to Robert B. Quattlebaum III and L. Robert Isaacson, who in turn gave Amer-

---

[3] *Bishop v. State*, 268 Ga. 286, 297 (486 SE2d 887) (1997) (Fletcher, P. J., concurring specially).

[1] OCGA § 44-14-161 (c) provides: "The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown."

ibank a deed to secure debt on real property located in Chatham County, Georgia. Appellee Dr. Robert Quattlebaum, Jr. guaranteed payment of this loan. Subsequently, the two borrowers defaulted on the loan and Ameribank exercised its power of sale. Within 30 days of the foreclosure sale, Ameribank filed a report of sale with the Superior Court of Chatham County, and applied for confirmation and approval under OCGA § 44-14-161 (a).

After a first confirmation hearing in 1994, the trial court confirmed the sale as to all parties. Thereafter, the court set aside that portion of the confirmation order finding that appellee Quattlebaum had been properly served, and instead found that Quattlebaum had not been personally served with notice of the confirmation hearing. The Court of Appeals affirmed that judgment in a previous interlocutory appeal. *Ameribank, N.A. v. Quattlebaum*, 220 Ga. App. 345 (469 SE2d 462) (1996).

After return of the case to the trial court, a confirmation hearing was scheduled for May 20, 1996. Ameribank personally served appellee Quattlebaum with a copy of its confirmation application and a document entitled, "Notice of Hearing," which had been prepared by counsel for Ameribank. This document, while directed also to appellee, named only Isaacson and Quattlebaum III as defendants. It specified the time and place for the confirmation hearing but notified the foregoing individuals that, "You are invited, but not required, to attend the hearing." After moving unsuccessfully to terminate the proceedings, Quattlebaum chose to attend the hearing and presented evidence.

Over Quattlebaum's objections, the trial court confirmed the foreclosure sale. The Court of Appeals reversed, holding that the proceeding was defective because Quattlebaum had not been named as a party on the application, and because the notice of hearing had not been directed by the court as is required by OCGA § 44-14-161 (c). *Quattlebaum v. Ameribank, N.A.*, supra at 518 (2).[2]

The clear legislative purpose of OCGA § 44-14-161 (c) is to afford debtor relief by subjecting a land foreclosure sale under a power of sale to judicial scrutiny. *Wall v. Federal Land Bank of Columbia*, 240 Ga. 236, 237 (1) (240 SE2d 76) (1977); *First Nat. Bank v. Kunes*, 230 Ga. 888, 890 (199 SE2d 776) (1973). This purpose is reflected in the plain and unambiguous mandate in subsection (c) that the court pass upon the legality of the notice, advertisement, and regularity of the sale as well as that *the court direct* that notice of the hearing be given to the debtor at least five days prior thereto. This requirement that

---

[2] The Court of Appeals rejected Quattlebaum's contention that the trial court erred in conducting a confirmation hearing after Ameribank's first unsuccessful appeal. Certiorari was not granted on that issue.

notice to the debtor emanate from the court is part and parcel of the court's supervisory authority. The court's role is not and should not be delegable. See *Alliance Partners v. Harris Trust &c. Bank*, 266 Ga. 514 (467 SE2d 531) (1996) (discussing the court's role in the confirmation process).

Ameribank urges that nowhere in OCGA § 44-14-161 is the requirement that the debtor be named as a party to the proceedings, and it cites *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296 (430 SE2d 732) (1993) in support of its contention that its notice was statutorily sufficient. In *Vlass*, it is stated that "[a]ll that is statutorily required is that the debtor be personally served with notice of the hearing on the creditor's application at least five days prior thereto." Id. at 298 (1). But, this was in answer to the question of whether an application for confirmation needed to be served on the debtor in accordance with OCGA § 9-11-4; it did not address what is at issue here. However, this Court *has* plainly spoken on both the necessity to name the debtor in the application for confirmation and the source of notice contemplated by OCGA § 44-14-161 (c).

In *First Nat. Bank v. Kunes*, supra, this Court affirmed the decision of the Court of Appeals which upheld the dismissal of the bank's claims for a deficiency judgment against individual debtors because the debtors were not named as parties in the confirmation petition, and the court-issued notice of the hearing was not directed to them. See *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565 (197 SE2d 446) (1973). Again in *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2) (1980), this Court made plain that the statutory notice is to be at the court's instance. While in that case, as in *Kunes*, a rule nisi was involved, the statute does not specify the necessity of a rule nisi, merely that the notice be at the court's direction and control.

The wisdom of these precedents is demonstrated by the present case. The notice from the creditor merely invited Quattlebaum to the confirmation hearing and expressly instructed him that he was not required to attend. Even though it did not do so in Quattlebaum's case, such a notice orchestrated by the creditor could easily dissuade a debtor, especially one unrepresented by counsel, from attending the hearing, and thus, effectively diminish the protection afforded by OCGA § 44-14-161. It is of no moment that here the debtor had actual knowledge of the confirmation proceeding and chose to attend. For "actual notice or knowledge will not cure the failure to comply with the statute as to confirmation. A party is not bound by every court proceeding of which he has knowledge." *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. at 567 (4). See also *Henry v. Hiwassee Land Co.*, supra at 88.

We decline to sanction substantial compliance or to adopt a harmless error rationale in this case of procedural violation of the

confirmation statute. Either posture is contrary to the required strict construction of the statute. In effect, the statute would be applied not according to its express terms, but against the debtor in contravention of the statute's purpose. While such a departure may not result in injustice in this case, it opens the door for abuse in the future.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., Carley and Thompson, JJ., who dissent.*

FLETCHER, Presiding Justice, dissenting.

I fully concur in Justice Thompson's dissent. Additionally, the Georgia Court of Appeals erroneously applied a maxim of statutory construction in this case, just as it has in other confirmation cases.[3]

In its opinion, the court of appeals construes the confirmation statute against the lender because "Georgia's confirmation statute is in derogation of the common law and must therefore be strictly construed." This analysis is faulty. At common law, there was no confirmation requirement. If the purchase price paid pursuant to a valid foreclosure sale did not satisfy the secured indebtedness, the lender could maintain a direct action against the debtor for the deficiency.[4] The legislature enacted the confirmation statute "to limit and abate deficiency judgments in suits and foreclosure proceedings."[5] Because this limitation is in derogation of the lender's rights at common law, the statute must be strictly construed against the *debtor* under the rule of statutory construction that the court of appeals cites.

Despite the court of appeals' talismanic reference to strict construction in derogation of the common law, it is appropriate to construe the confirmation statute against the lender based on legislative intent. The confirmation statute was passed during the Depression to help individual debtors by precluding lenders from bringing deficiency actions.[6] The act protected homeowners by requiring the trial court to approve a foreclosure sale only if the sale price reflected the true market value of the property. This protection has become less necessary as lenders now require private mortgage insurance to ensure that their loans are paid.

Instead, the statute is increasingly being used, as in this case, by commercial property owners who rely on technical arguments to overturn a confirmation in which they fully participated. Because I believe the confirmation proceeding in this case met both the statute's legislative purpose and procedural requirements, I dissent.

---

[3] *First National Bank & Trust Co. v. Kunes*, 128 Ga. App. 565 (1) (197 SE2d 446) (1973).
[4] *Calhoun v. Phoenix Mutual Life Ins. Co.*, 46 Ga. App. 807 (169 SE 262) (1933).
[5] 1935 Ga. Laws 381.
[6] See id.

I am authorized to state that Justice Carley and Justice Thompson join in this dissent.

THOMPSON, Justice, dissenting.

Because I believe that appellee has been afforded all the protections contemplated by OCGA § 44-14-161 (c)[7] — he received timely notice, attended the hearing, raised objections, and was protected against a gross deficiency, see *Wall v. Federal Land Bank*, 240 Ga. 236, 237 (240 SE2d 76) (1977), I respectfully dissent.

As the majority notes, appellee was personally served with a copy of the confirmation application and notice of hearing. In fact, appellee, through counsel, responded to that notice, with two motions in the trial court, including a request for a continuance of the confirmation hearing date. In an order served on appellee's counsel, the trial court denied the requested relief, and ordered that the confirmation hearing proceed as scheduled. Obviously, the date and time assigned for the hearing was set at the court's direction, and appellee was personally served with notice well in advance of the statutory time requirements. Appellee appeared with counsel at the second hearing and presented evidence of value which contradicted evidence offered by the seller. And after ensuring that appellee had received personal service of the notice, the trial court confirmed the foreclosure sale.

Accordingly, I must conclude that notice of the foreclosure hearing served upon the guarantor by the foreclosing party was adequate to satisfy the requirements of OCGA § 44-14-161 (c).

I respectfully dissent. I am authorized to state that Presiding Justice Fletcher and Justice Carley join in this dissent.

DECIDED OCTOBER 5, 1998.

*Ellis, Painter, Ratterree & Bart, Paul W. Painter, Jr., J. Keith Berry, Jr.,* for appellant.

*McCorkle, Pedigo & Johnson, David H. Johnson, Inglesby, Falligant, Horne, Courington & Nash, Kathleen Horne, McCallar & Associates, Mark Bulovic,* for appellee.

---

[7] That Code section provides in its entirety: "The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown."