**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2015**

# In the Court of Appeals of Georgia

A15A1989. GULIA et al. v. NORTH ATLANTA BANK.            JE-094

ELLINGTON, Presiding Judge.

Mohinder Gulia, Nitin Gulia, and Sandeep Gulia appeal from the order of the Superior Court of Forsyth County denying their motion to set aside an order confirming a non-judicial foreclosure sale.[1] The Gulias contend that notice of the foreclosure hearing that they received was insufficient under OCGA § 44-14-161 (c). For the reasons explained below, we affirm.

The record shows the following undisputed facts. In January 2008, the Gulias each executed commercial guaranties to guarantee the payment of indebtedness owed by Shops @ Peachtree Parkway, LLC, in favor of North Atlanta Bank and secured by

---

[1] We granted the Gulias' application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (8).

a deed to secure debt. The security deed contained a power of sale authorizing a non-judicial foreclosure sale of the property in the event of default. The borrower defaulted, and the bank advertised the sale of the property in the appropriate legal paper for four consecutive weeks, December 9, 16, 23, and 30, 2009. The property was auctioned on January 5, 2010, and purchased by the bank.

The bank filed a verified application for confirmation and approval of the foreclosure sale in the Superior Court of Forsyth County on January 27, 2010. The application named as respondents the borrower, the Gulias, and two other guarantors of the debt. In the application, the bank asked the trial court to set a confirmation hearing and to "direct that notice of said hearing be given to Respondents at least five days prior to said hearing in such manner as shall comply with Georgia law." The court issued a summons to each respondent and issued a Rule Nisi ordering the parties to appear for a hearing on the application on March 2, 2010.

On February 24, 2010, the respondents having not yet been served, the court issued a second Rule Nisi, ordering the parties to appear for a hearing on the application on May 4, 2010. On March 1, 2010, a sheriff's deputy attempted service at 5670 Arrowind Road, NW, in Lilburn, which was listed on each of the guaranties as the guarantor's address for notice. The deputy found Mohinder at home at that

address and served him with the application, Rule Nisi, and summons. He executed returns of service showing personal service on Mohinder and notorious service on his sons, Nitin and Sandeep, "by leaving a copy of the action and summons at his most notorious place of abode in" Gwinnett County by placing the documents in the hands of "Mohinder Gulia (dad)" who was "domiciled at the residence of [Nitin and Sandeep]."

The hearing did not occur on May 4, 2010, and was reset twice more due to problems with serving the other two respondent guarantors with notice of the hearing. On August 27, 2010, the trial court issued a Rule Nisi, setting the confirmation hearing for October 12, 2010, and the bank served the Gulias with the Rule Nisi setting the October hearing via U. S. Mail at their Arrowind Road address. The Gulias did not appear at the October 12, 2010 hearing, and the trial court granted the bank's application for confirmation of the foreclosure. The Gulias did not appeal the confirmation order.

Nearly four years later, on September 9, 2014, the Gulias filed their motion to set aside the confirmation order, pursuant to OCGA § 9-11-60 (d) (1), which provides that "[a] motion to set aside may be brought to set aside a judgment based upon . . .

3

[l]ack of jurisdiction over the person[.]"[2]. Noting that none of the Gulias contended that he did not live at the Arrowind Road address, the trial court found that the March 1, 2010 service was sufficient as to each of the Gulias to initiate a valid confirmation proceeding under OCGA § 44-14-161. The trial court concluded that subsequent service by mail of the Rule Nisi resetting the confirmation hearing for October 12, 2010, was therefore sufficient. The trial court denied the Gulias' motion to set aside the order confirming the foreclosure sale.

The Gulias contend that the confirmation statute requires that the trial court give the debtor notice of a confirmation hearing exclusively by means of personal service upon the debtor. They contend that the rule controlling this case was pronounced by the Supreme Court of Georgia in *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 298 (2) (430 SE2d 732) (1993), as follows: "All that is statutorily required is that the debtor be personally served with notice of the hearing on the creditor's application at least five days prior thereto[,]" citing *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2) (1980). They argue that the March 1, 2010 service upon Mohinder constituted, "at best[,] notorious service" upon Nitin and Sandeep and failed to satisfy the personal service requirement of OCGA § 44-14-161

---

[2] See footnote 3, infra.

and that the subsequent first-class-mail services of notice were invalid. As a result, they argue, the trial court erred in denying their motion to set aside the confirmation order.[3]

---

[3] See *Ramchandani v. State Bank & Trust Co.*, 324 Ga. App. 235, 239-240 (1) (749 SE2d 797) (2013) (In order to challenge the validity of a confirmation order, the debtor can file a motion to set aside the judgment in the trial court that rendered the confirmation order, pursuant to OCGA § 9-11-60 (b) and (d). Where a creditor pursued a deficiency judgment against the debtors in a different county from the one that issued a confirmation order, the second trial court properly concluded that it lacked jurisdiction to consider the debtors' motion to set aside the confirmation order.); *Quattlebaum v. Ameribank, N.A.*, 227 Ga. App. 517, 518 (1) (489 SE2d 319) (1997) (physical precedent only) (Where the trial court set aside a portion of a confirmation order on the basis that the moving respondent had not been personally served with notice of the hearing, the trial court was then required to disregard its prior confirmation order and consider anew the issue of whether the encumbered property had sold at foreclosure for its fair market value.), aff'd, 269 Ga. 857 (505 SE2d 476) (1998); *Rogers v. Fidelity Fed. Sav. & Loan Assoc.*, 180 Ga. App. 330, 331 (Where the trial court entered a confirmation order and later determined that the debtors did not receive the requisite notice under OCGA § 44-14-161 (c), the trial court set aside the confirmation order. The effect of the set-aside order was to reinstate the case in the trial court, returning it to the posture it occupied prior to judgment. Once the deficiencies in service were rectified, the trial court could proceed with the confirmation proceedings.).

> Under Georgia law, when the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. Our standard of review in this regard is the any evidence rule, and absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a judgment. However, where the facts are undisputed and the question is one of law, we review the ruling de novo.

(Citations and punctuation omitted.) *Hooks v. McCondichie Properties 1, LP*, 330 Ga. App. 583, 584 (767 SE2d 517) (2015). See *Winstar Dev., Inc. v. Suntrust Bank*, 308 Ga. App. 655, 658 (1) (708 SE2d 604) (2011) (A defendant who challenges the sufficiency of service "bears the burden of showing improper service.") (punctuation and footnote

The Gulias' reading of *Vlass* is misguided. The issue before the Court in *Vlass* was whether the confirmation statute requires service of the pleading that initiates a confirmation proceeding, that is, the creditor's application for confirmation, *in addition to* a notice of the time and place of the hearing on that application. 263 Ga. at 296 (The debtor argued that "service of [a creditor's] application for confirmation in accordance with OCGA § 9-11-4 is a prerequisite to the initiation of a valid confirmation proceeding under OCGA § 44-14-161."). The Court's statement that "[a]ll that is statutorily required is that the debtor be personally served with notice of the hearing on the creditor's application at least five days prior thereto" explained the Court's holding that

> [s]ince it is clear that an application for confirmation merely invokes the superior court's supervisory authority over non-judicial foreclosure sales under power and is not a "complaint" by which the creditor initiates a "civil action" against the debtor in the superior court, it necessarily follows that such an application need not be served on the debtor in accordance with OCGA § 9-11-4.

*Vlass v. Security Pacific Nat. Bank*, 263 Ga. at 297-298 (1).

---

omitted).

Other cases have established that the notice requirement of OCGA § 44-14-161 (c) can be satisfied with less than personal service. See *Belans v. Bank of America*, ("*Belans I*") 303 Ga. App. 35, 37 (1) (692 SE2d 694) (2010). Without equating the giving of notice of a confirmation hearing to the respondents with the service of legal process upon a defendant in an ordinary civil case,[4] our courts look to the methods of service provided in the Civil Practice Act for guidance in the determining whether notice of a confirmation hearing is sufficient in a particular case. *Winstar Dev. Inc. v. Suntrust Bank*, 308 Ga. App. 655, 658 (1) (708 SE2d 604) (2011); *Ameribank, N.A. v. Quattlebaum*, 220 Ga. App. 345, 347 (2) (469 SE2d 462) (1996). Thus, notice of a confirmation hearing that is given to a corporate respondent is sufficient under the confirmation statute if it comports with OCGA § 9-11-4 (e) (1), that is, personal service upon an officer of the corporation or, if such service cannot be accomplished,

---

[4] Although a confirmation proceeding under OCGA § 44-14-161 "is not an action in rem, because it does not adjudicate title," (citation and punctuation omitted) *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 237 (1) (240 SE2d 76) (1977), a confirmation proceeding is not an ordinary civil case, either, because no personal judgment can be obtained against any debtor, nor does it establish the liability of any person with regard to the debt. *Vlass v. Security Pacific Nat. Bank*, 263 Ga. at 297 (1); *Wall v. Fed. Land Bank of Columbia*, 240 Ga. at 237 (1). See also *Henry v. Hiwassee Land Co.*, 246 Ga. 87, 89 (269 SE2d 2) (1980) (Confirmation proceedings are unique judicial proceedings that "do not neatly fit into the customary classification of actions in personam or actions in rem.") (citation omitted).

service upon the Secretary of State. *Winstar Dev. Inc. v. Suntrust Bank*, 308 Ga. App. at 658 (1). And notice of a confirmation hearing to an individual respondent is sufficient if it comports with OCGA § 9-11-4 (e) (7), that is, service upon the individual personally, or by leaving copies thereof at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Id. See *Henry v. Hiwassee Land Co.*, 246 Ga. at 88-89 (The notice required by the confirmation statute should be by one of the methods provided for personal service in former Ga. Code Ann. § 81A-104 [current OCGA § 9-11-4]; initial service of the confirmation application and Rule Nisi by certified mail was not adequate notice of the confirmation proceedings.). Notice of a confirmation hearing can even be sufficient if it comports with OCGA § 9-11-4 (f), that is, service by publication upon a person who resides outside the state cannot be found within the state, or conceals himself or herself to avoid service. *Belans v. Bank of America* ("*Belans V*"), 309 Ga. App. 208, 209 (1) (709 SE2d 853) (2011); *Belans I*, 303 Ga. App. at 36-38 (1) .

In this case, notice of the confirmation hearing was given to Nitin and Sandeep more than five days prior to the confirmation hearing, when the deputy left copies of

8

the pleadings, including a Rule Nisi ordering them to appear at the confirmation hearing, at their dwelling house or usual place of abode with Mohinder, a person of suitable age and discretion then residing therein. This method of service was sufficient under OCGA § 44-14-161 to initiate a valid confirmation proceeding. *Winstar Dev. Inc. v. Suntrust Bank*, 308 Ga. App. at 658 (1). As the Gulias concede, once a debtor has once received notice of a confirmation proceeding in compliance with OCGA § 44-14-161 (c), such that a valid confirmation proceeding is initiated, subsequent notices resetting the confirmation hearing to a later date may be served by mail in accordance with OCGA § 9-11-5 (b). *Belans V*, 309 Ga. App. at 210 (1). Accordingly, the trial court did not err in denying the Gulias' motion to set aside the confirmation hearing on the basis that the notice was insufficient under OCGA § 44-14-161.

*Judgment affirmed. Dillard and McFadden, JJ., concur.*