# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2023

*The Court of Appeals hereby passes the following order:*

## A22A1666. CJG LEASING, INC. et. al v. HIF IV LENDERS, LLC.

Appellants CJG Leasing, Inc., and Joseph C. Gordon appeal a May 2022 order from the Chatham County Superior Court confirming the nonjudicial foreclosure sale of certain real property in Savannah, Georgia. We remand this matter for the trial court to clarify the record.

As relevant here, in order to seek a deficiency judgment following the nonjudicial foreclosure sale of real property, a creditor must first seek confirmation of the foreclosure sale in the relevant superior court. See OCGA § 44-14-161 (a); *C.K.C., Inc. v. Free*, 196 Ga. App. 280, 282 (2) (395 SE2d 666) (1990). The confirmation process, as dictated by OCGA § 44-14-161 (c), requires the relevant superior court to conduct a hearing to "pass upon the notice, advertisement, and regularity" of the nonjudicial foreclosure sale; a debtor is entitled to notice of that hearing "at least five days prior thereto." Id. The respective superior court bears the responsibility of directing timely notice of that hearing to the debtor. See *Ameribank, N.A. v. Quattlebaum*, 269 Ga. 857, 858-859 (505 SE2d 476) (1998).

Here, following a hearing, Appellee ostensibly secured an order confirming the nonjudicial foreclosure sale of the real property at issue. Now, on appeal, Appellants claim that the confirmation order is invalid because they, as debtors, were not *personally* served with notice of the confirmation hearing. However, in order to address whether notice in this case was sufficient under OCGA § 44-14-161 (c), we require further details from the superior court. Specifically, while the record shows that Appellants *may* have been served with the initial petition for confirmation, it is not at all clear from the record whether notice of the hearing was, in fact, directed to

Appellants and how such notice was actually accomplished.[1]  Indeed, the final confirmation order makes no mention of whether Appellants were noticed of the hearing; similarly, the hearing notice issued by the trial court that is found in the record merely includes the following notation: "cc: . . . CJG Leasing/Joseph Gordon."[2]

In short, we cannot reach the issue of whether the manner of notice here was legally sufficient under OCGA § 44-14-161 (c) absent an adequate record demonstrating whether notice of the hearing was directed to Appellants and how such notice was actually accomplished.

Accordingly, this matter is remanded for the superior court to take such actions as necessary to comply with this order.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/21/2023*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] The confirmation petition was filed months before the final hearing date was set, and there is no indication that notice of the hearing was included with the original petition.

[2] An amended notice of hearing – which supplemented the original notice by including instructions necessary to access the "video hearing" – also includes the "cc" language but wrongly identifies Appellant Joseph C. Gordan as "Joseph Green."