**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

v.

**Joseph A. MATASSINO, Jr., and all others, Defendants.**

**Civil Action No. 1:11–CV–3895–CAP.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 7, 2012.

A. Drew Powers, McCalla Raymer, LLC, Roswell, GA, Jimmy Thomas Howell, Jr., Kent Edward Altom, Robert Michael Sheffield, McCalla Raymer, LLC, Atlanta, GA, for Plaintiff.

Francis Xavier Moore, Lindsey L. Walker, Frank X. Moore & Associates, Atlanta, GA, for Defendants.

### ORDER

CHARLES A. PANNELL, JR., District Judge.

This matter is before the court on the plaintiff's motion to remand [Doc. No. 6] and a motion to strike the documents attached to the motion to remand filed by Matassino ("the defendant") [Doc. No. 11].

As an initial matter, the defendant's motion to strike [Doc. No. 11] is GRANTED. The clerk is DIRECTED to strike Exhibits A and B to the motion to remand [Doc. Nos. 6–2 and 6–3], and the court has not considered these documents in adjudicating the motion to remand.

### I. Introduction

This dispossessory proceeding came before the court when Matassino, referred to herein as "the defendant," removed it from the Magistrate Court of Fulton County, Georgia [Doc. No. 1]. This is the second time the defendant has removed a dispossessory proceeding filed by Freddie Mac. The first time, in "Matassino I," this court dismissed because of the plaintiff's failure to follow a lawful order of the court. *See* Order of dismissal, Case No. 1:11–CV–2047–CAP [Doc. No. 6] (N.D.Ga. Oct. 19, 2011).

Freddie Mac now takes the position that this court has no subject matter jurisdiction over either Matassino I or this matter. The court directed additional briefing on the jurisdictional issue and now holds that jurisdiction is proper in this matter.

### II. Analysis

Freddie Mac's charter, which is codified in the U.S.Code, provides, in relevant part:

Notwithstanding ... any other provision of law, (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28; (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security....

12 U.S.C. § 1452(f).[1] Despite Freddie Mac's arguments to the contrary, the court concludes that the unambiguous language of the statute gives this court original and removal jurisdiction over a civil action to which Freddie Mac is a party.

There are two ways the Freddie Mac charter grants original jurisdiction to this court. First, § 1452(f)(1) declares Freddie Mac to be an "agency" included in 28 U.S.C. § 1345. That statute gives the district courts "original jurisdiction of all civil actions, suits or proceedings commenced by" an "agency" authorized to sue by Congress. Thus, if Freddie Mac commences any civil action, suit, or proceeding, the district court has original jurisdiction over it. Second, the Freddie Mac charter deems "all civil actions to which"

---

1. The terms "the Corporation" in the charter and "Freddie Mac" throughout this order refer to Federal Home Loan Mortgage Corporation.

Freddie Mac is a party to arise under the laws of the United States and confers jurisdiction over those actions to this court. 12 U.S.C. § 1452(f)(2) Accordingly, this court has original jurisdiction over any "civil action, suit or proceeding" where Freddie Mac is the plaintiff. *See* 28 U.S.C. § 1345.

Moreover, removal to this court was proper. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441(a). As explained, the court has original jurisdiction over any civil action to which Freddie Mac is a party. Therefore, removal is proper unless some other act of Congress expressly prevents removal or this is not a civil action, suit or proceeding under federal law.

■ Freddie Mac argues its charter statute gives Freddie Mac **alone** the option to remove—any other defendant cannot. *See* Pl.'s Br. 2–3 [Doc. No. 18]. The charter unequivocally provides Freddie Mac the option to remove up to the time of trial. *See* 12 U.S.C. § 1452(f)(3) ("[A]ny civil or other action ... to which the Corporation is a party **may** at any time before the trial thereof **be removed by the Corporation** ...." (emphasis added)). But this language does not expressly limit the applicability of the general removal statute; nor does it expressly limit the ability of other parties to remove so that the exception to the general removal statute would apply. *See* 28 U.S.C. § 1441(a). Rather, the statute merely appears to provide Freddie Mac more flexibility than it would otherwise have in determining when and how to remove. *See, e.g.,* 28 U.S.C. § 1446(b) (providing notice of removal must generally be filed within thirty days of service on the defendant, with consent of all served defendants). Therefore,

Freddie Mac's argument that 12 U.S.C. § 1452(f)(3) is sufficient to give it a one-way removal option fails.

Freddie Mac also argues this case is not a "civil action" because "[a] dispossessory action in Georgia is not a case or controversy for the purposes of Article III, § 2" of the U.S. Constitution. In the first prong of the its argument, Freddie Mac essentially argues the "summary" nature of a dispossessory action renders it not a "civil action." Second, Freddie Mac argues this court cannot hear this action because it is moot.

## A. The Court Can Have Jurisdiction over a Summary Proceeding

It is unclear which traditional justiciability doctrine—standing, ripeness, mootness, political question doctrine—Freddie Mac is referring to in its argument regarding the summary nature of a dispossessory action. Although Freddie Mac argues the U.S. Constitution bars this court's jurisdiction, the first prong of Freddie Mac's argument cites a statutory basis, not a constitutional one, quoting Fed.R.Civ.P. 1: "A civil action is commenced by filing a complaint with the court." This section of its brief goes on to discuss the other steps in the dispossessory process to argue such a summary proceeding cannot be a civil action. As evidence of this summary nature, Freddie Mac points to the facts that (1) a dispossessory is commenced by filing an affidavit, rather than a complaint, (2) the landlord tenant relationship exists as a matter of law, and (3) a challenge to the landlord's title as a defense to a dispossessory is not permitted.

The court's independent research shows the former Fifth Circuit rejected the basic premise of Freddie Mac's argument and held a federal court had subject matter jurisdiction over Georgia's confirmation proceeding, despite its similarly "sum-

mary" nature. In *Weems v. McCloud*, 619 F.2d 1081 (5th Cir.1980),[2] the plaintiff and the Federal Deposit Insurance Corporation (FDIC) sought confirmation of a non-judicial sale of land. Georgia law provided a specific summary procedure for confirmation of such non-judicial sales. The defendants challenged the subject matter jurisdiction of the court, arguing Georgia's summary confirmation proceeding was not a "suit of a civil nature, at common law or equity," as that term was used in the statute permitting the FDIC to sue or be sued in federal court. *Id.* at 1084.

The court recognized that Georgia courts had characterized the confirmation proceeding as "not a 'suit' but rather an 'application to the Judge of the Superior Court,'" and "not a 'civil case' as that term is used" in the Georgia Constitution. *Id.* at 1087 (quoting *Jonesboro Inv. Trust Ass'n v. Donnelly*, 141 Ga.App. 780, 234 S.E.2d 349, 351 (1977); *Wall v. Fed. Land Bank of Columbia*, 240 Ga. 236, 240 S.E.2d 76, 77 (1977)). But the court also stated:

> In determining whether federal courts have jurisdiction over Georgia confirmation proceedings, we are not bound by the characterizations given a proceeding by a state.... "[W]henever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States."

*Id.* at 1087 (quoting *Markham v. City of Newport News*, 292 F.2d 711, 716 (4th Cir.1961)). So the court looked to federal law to determine the appropriate standard to apply.

The court considered several factors in holding the confirmation proceeding was a suit of a civil nature at common law or in equity: (1) It was held before a "judicial tribunal of general jurisdiction," (2) "notice of the hearing must be given the debtor and service must be by the method specified in the Civil Practice Act," (3) the proceeding was initiated by and responded to by filings "comparable" to a complaint and answer, (4) a hearing was required where parties could be represented by counsel and present or challenge evidence, (5) there were "findings of fact and a judgment," (6) there were adversary parties, and (7) the proceeding involved an "issue of pecuniary value." *Id.* at 1089–90. Because of the similarities with other disputes which had been held to be disputes of a civil nature, the court held subject matter jurisdiction existed. Moreover, the court noted, "[T]he Federal Rules of Civil Procedure may be applied less rigidly in special statutory proceedings where a strict application of the rules would frustrate the statutory purpose." *Id.* at 1094, 1096 (holding the defendant could not assert counterclaims under Fed.R.Civ.P. 13 because allowing them would "convert the [confirmation] proceeding into a plenary trial between the parties, would eliminate its summary nature, and would deny the creditor his right to a quick approval of the sale"), *quoted in Booth v. Hume Pub., Inc.*, 902 F.2d 925, 931 (11th Cir.1990).

■ Based on the analysis in *Weems*, this court concludes the summary nature of a dispossessory proceeding is no bar to this court's subject matter jurisdiction because it falls within the statutory scope of the Freddie Mac charter. The statute grants jurisdiction over all civil actions to which Freddie Mac is a party and all "civil actions, suits or proceedings" where the Freddie Mac is a plaintiff. *See* 12 U.S.C. § 1452(f); 28 U.S.C. § 1345. This lan-

---

2. Decisions of the former Fifth Circuit handed down on or before September 30, 1981, are biding on this court. *Bonner v. City of Prich-*

*ard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

guage is at least as expansive as that granting jurisdiction over a "suit of a civil nature" involving the FDIC.

Most if not all of the factors the *Weems* court analyzed also show the dispossessory proceeding exhibits the character of a civil action under federal law. (1) The proceedings are held before a judicial tribunal, even if not one of "general jurisdiction" in Georgia.[3] (2) Notice and service of the summons must be made. *See* O.C.G.A. § 44–7–51.(3) The initiating affidavit is comparable to a complaint, and the defendant may answer. O.C.G.A. §§ 44–7–50(a), 51(b). (4) If the defendant answers, "a trial of the issues shall be had." § 44–7–53(b). (5) A judgment is issued on conclusion of the trial (or failure by the defendant to answer). O.C.G.A. §§ 44–7–55, 51(a). (6) The plaintiff and defendant are adverse parties. (7) While the ultimate issue of possession is not directly pecuniary, there is an "issue" of pecuniary value because payment of rent can serve as a defense and rent and utilities must be paid into the court's registry during the pendency of the proceeding. O.C.G.A. §§ 44–7–52, 54. Accordingly, a Georgia dispossessory action lies within the grant of jurisdiction in Freddie Mac's charter, and this court has jurisdiction over it.

### B. The Proceeding is Not Moot Because of the Defendant's Failure to Answer

■ Freddie Mac also argues the mootness doctrine bars this court's jurisdiction "because the Defendants are in default." Pl.'s Br. 11 [Doc. No. 18]. The defendants were required to answer the summons by November 14, 2011. Instead of answering, the defendants removed the action to this court on November 14 and filed a motion to dismiss on November 23. This argument is without merit. Even if it is in default,[4] that does not mean there is no actual, ongoing controversy between the parties. *See Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Freddie Mac implicitly acknowledges as much by stating, "All that is left is for the Court to remand the case to the magistrate court for issuance of an immediate writ of possession." Pl.'s Br. 12 [Doc. No. 18]. If there is a judgment that remains to be entered, a controversy still exists.

### III. Conclusion

In sum, Congress unambiguously gave the federal courts original subject matter jurisdiction over all civil actions, suits, and proceedings where Freddie Mac is the plaintiff. Despite its summary nature, a Georgia dispossessory proceeding falls into this category. Because there is no other bar to this court's jurisdiction, removal was proper. Therefore, Freddie Mac's motion to remand [Doc. No. 6] is DENIED. Additionally, the defendant's motion to strike [Doc. No. 11] is GRANTED, and the clerk is DIRECTED to strike Exhibits A and B to the motion to remand [Doc. Nos. 6–2 and 6–3].

Because the court is unfamiliar with the proper procedure for dispossessory proceedings, the parties are DIRECTED to file briefs regarding the proper procedure for this matter on or before August 16, 2012.

---

**3.** However, appeals are made to the Superior Court, which is a court of general jurisdiction.

**4.** The court takes no position at this time on whether Freddie Mac is entitled to immediate judgment due to the defendant's failure to answer (or move to dismiss) by November 14 or pay rent into the registry of the (or any) court since November.